HAMITER, Justice.
Charged in a bill of information with the crime of theft of property valued at $69, and having pleaded not guilty when arraigned, the accused herein failed to appear for trial on any of the. three separate days on which it was set. Whereupon, the court, on motion of the state, ordered that John B. Williams, surety on the appearance bond of the accused, be notified that the trial was again set for January 28, 1952 and that failure of the accused to appear on such date would result in a forfeiture of the bond. The notice issued, and it was personally served on the surety.
On the named date neither the accused nor the surety was present, and the court rendered a solidary judgment against them in favor of the state for $750, the amount of the bond.
A few days later counsel for the accused and the surety filed a motion for a new trial and rehearing respecting the bond forfei *550 ture. The motion was overruled, and counsel requested and was granted a suspensive appeal to this court.
When the appeal came on for hearing, appellants’ counsel, although present in court, offered neither oral argument nor a brief in support of it. The reason for this, according to his statement, was that our holding in cause No. 40562, entitled State v. Myers, 221 La. 173, 59 So.2d 111, and rehearing refused April 28, 1952, is decisive of all the issues presented by this appeal.
On re-examination of that decision we find that therein similar issues were considered and passed upon, and we are convinced that there is no error in our announced conclusions.
For the reasons assigned the judgment appealed from is affirmed.