MOISE, Justice.
On October 2, 1950, the defendant, Howard Baker, was charged in a bill of information with the theft and concealment of two radios valued at $100 in violation of LSA-R.S. 14:67 and 14:69. He was arraigned and pleaded not guilty on October 5, 1950. Bond was posted on October 16, 1950 in the amount of $500. The defendant, as principal, gave his address as 3020 Mandeville St., New Orleans, La. The surety, Henry DeFraites, Jr., gave his address as 6034 Magazine St., New Orleans, La.
On June 6, 1951, the cause was continued because of the defendant’s not being notified of the trial.
The court granted the motion of the State on April 1, 1952 and continued the cause without date. It ordered the accused discharged upon his bond to await further proceedings.
On May 7, 1952, on motion of the State, the court ordered the bondsman notified and further set the date of return for May 14, 1952. The hearing was ordered to be continued on May 14, 1952 because of the bondsman’s not being notified.
On May 15, 1952, the court, on motion of the State, ordered the bond forfeited.
On May 27, 1942, the 'Court granted a motion for a new trial and set the date for June 4, 1952.
On June 4, 1952, on motion of the State, the court ordered the bond forfeited. The court refused a motion for a new trial, and the defendant and the surety appealed suspensively to this Court.
*1032 In his application for a new trial, the surety sets forth the following reasons:
1. “That the judgment is contrary to1 the law and the evidence.”
2. “That on June 4th., 1952, without any service whatsoever to either the Defendant or his Bondsman, the bond herein was ordered forfeited on motion of the State.”
3. “That your mover believes and so alleges that the proper procedure for the forfeiture of bonds was not adhered on June 4, 1952.”
We find from the record that there was an attempt to make domiciliary service on both Howard Baker, principal, and Henry DeFraites, Jr., surety. The return on Howard Baker has the following notation:
“Informed by Regina Gaudeau, Landlady of this domicile, don’t and never did live at this domicile.”
The notice of trial to1 Henry DeFraites, Jr., was left with Mr. O. Clark, Bookkeeper Carrollton Lumber & Wrecking Company. This notice bears the following notation:
“Unable to locate Mr. DeFraites at Magazine Street address or Wrecking Company.”
LSA-Revised Statutes 15:105 reads as follows:
“At the time at which any person shall sign any appearance bond he shall also be required to1 write under his signature the situation of the house in which he makes his domicile, in which house his domicile shall be conclusively presumed to continue for every purpose connected with said bond, or growing out of his signing the same, or for the service of any process or notice issued out of the court in which said bond shall have been given, until he shall have filed in said court a declaration in writing of the situation of the house in which he shall make his new domicile. And no change of domicile shall be pleadable by any person signing any appearance bond, unless said declaration of change shall have been filed as herein provided for.”
The surety made no' attempt to comply with the albove-quoted statute by notifying the proper authorities of his change of address. Since he did not comply with the requisites of LSA-R.S. 15:105, his complaints are of no avail.
The recent cases of State v. Myers, 221 La. 173, 59 So.2d 111, and State v. Carter, 221 La. 547, 59 So.2d 831, are almost identical. No dissimilarity in issues has been pointed out to us. Therefore, the judgment of the district court, ordering the forfeiture of the appearance bond, should be sustained.
The judgment appealed from is affirmed.