## P. SARTORIUS *v.* F. M. DAWSON, Sheriff, et al.

Objections which relate to the mode of taking a bail bond in a criminal case, and to the description of the defence, are matters of defence which, if not made available when the motion for the forfeiture of the bond was made, or on appeal, or on application to set aside the judgment of forfeiture, do not form legal grounds for an injunction.

It is no objection to a judgment of forfeiture of the bond, that it was rendered on the last day of the term, and without previous notice to the surety. The State has the right to have the bond forfeited on any but the first day of the term.

APPEAL from District Court of the parish of Madison, *Farrar*, J.
      *E. W. Moïse*, Attorney General, for the State, appellant.

VOORHIES, J.   *S. M. Cherry* was arrested under the charge of shooting one *J. Ingram*, with intent to kill, and, after commitment, was admitted to bail upon furnishing bond in the sum of $1,000, for his appearance at the October term of the District Court, and from term to term until finally discharged.

SARTORIOUS
*v.*
DAWSON.

An indictment was found against him for the crime of shooting with the intent to commit murder, an offence including the one for which he had been arrested. On the 6th of November, 1856, his bond was forfeited, and judgment rendered against him and his sureties *in solido* for the amount thereof.

No attempt appears to have been made to set aside this judgment of forfeiture. An execution, issued on it, was enjoined by *Philip Sartorious,* the surety, whose property was levied upon, on the ground that the bond forfeited is null and void, and that the proceedings were irregular and informal.

The defects of which the plaintiff and appellant complains as regards the bond, relate to the mode of taking the same, and to the description of the offence therein set forth. These objections might have been available to the plaintiff when the motion for the forfeiture of the bond was made, or on appeal, or on an application to set aside the judgment of forfeiture within the legal delay. But such matters of defence as might have been pleaded on the merits, it is clear, cannot form legal grounds for an injunction. 6 An. 282.

The supposed mistake of the accused as to the term of the District Court, would, we think, come more properly in a motion to set aside the judgment of forfeiture. But in urging this ground, the plaintiff has, it appears to us, overlooked the fact that, in the bond itself, the accused bound himself to appear at the term of the court during which the forfeiture took place.

It is no objection to the judgment enjoined, that it was rendered on the last day of the term, and without previous notice to the plaintiff. The duty of the accused was to be present during the whole term, ready to answer the charge preferred against him;· and the State had accordingly the right to proceed summarily, and without previous notice, to have the bond forfeited, on any except the first day of the term. 6 An. 282; Acts 11th March, 1837, p..——. It was necessary only to call the principal at the courthouse door, and, in default of his answering, to call on his sureties to produce his body. We are bound to presume that this was done; for the judgment so states it, and besides there is no complaint of its not having been done.

The last objection is, that there was not sufficient evidence to warrant a judgment of forfeiture. If such was the case, the party's remedy was by appeal, and not by injunction.

It is, therefore, ordered and decreed, that the judgment of the court below be avoided and reversed; that the injunction in this case be dissolved at the plaintiff's costs·; that the said plaintiff and *A. R. Hynes,* the surety on the injunction bond, be condemned to pay *in solido* to the State, interest at the rate of eight per cent. per annum, on the amount of the judgment enjoined from the date of said injunction to the date of the dissolution thereof, and one per cent. on said judgment, as damages, and the costs in both courts.