## No. 11,411.

### WM. L. LANGRIDGE, SHERIFF, ETC., VS. THE JUDGE OF THE TWENTY-FIRST JUDICIAL DISTRICT COURT.

When a legal proceeding is commenced against a person, whether resident within the jurisdiction of the court in which it is begun or not, the defendant must be brought in court, in some one of the forms provided by law, or a voluntary appearance must be made on his behalf that jurisdiction may attach.

When the proceedings are on a bond for the appearance of an accused, the call on the principal and the surety, by the sheriff under the order of court, must be made in order that the judgment pronounced may be valid. This formality is jurisdictional.

The plaintiff in injunction, having alleged that there was no process whatever, and having complied with prerequisites by taking the oath required and furnishing bond to obtain an injunction, the court of her domicil has jurisdiction to hear the cause on the merits.

Writs of *certiorari* and prohibition will not issue restraining the District Court from hearing the case on the merits; it being appealable to this court.

APPLICATION for *Certiorari* and Prohibition.

*Alfred E. Billings* for the Relator.

*William L. Thompson* for the Respondent.

The opinion of the court was delivered by

BREAUX, J. The plaintiff in injunction, Eliza Roach, signed a bond as surety, in the sum of $250, for the appearance of one Thomas Jenkins to answer to the charge of forgery before the Seventeenth Judicial District Court for the parish of St. Mary.

A *fi. fa.* having been issued and her property seized by the sheriff of the parish of Jefferson, the surety, Eliza Roach, sued out an injunc-

tion to prevent the sale of her property, consisting of certain lots in the village of McDonoghville, in the parish of Jefferson, in which she is domiciled.

The grounds of injunction are broadly stated:

That she has never received any legal notification to produce the body of Thomas Jenkins.

That no citation was ever served upon her or any other legal proceeding had against her; that she never received any legal notification to pay any sum of money; that Jenkins is now in jail in the parish of St. Mary, and that the bond for his appearance should be canceled, because its conditions are complied with.

That the seizure is void.

The relator interposed a rule in the District Court to dissolve the injunction, upon the ground that the Judicial District Court for the parish of Jefferson was without jurisdiction to enjoin the execution or declare null a judgment of the District Court of the parish of St. Mary.

Further, that the court was without jurisdiction to enjoin the execution or declare the judgment null.

There is no evidence before us that any judgment was pronounced.

The rule before the court a qua was discharged.

The District Court stated as reason for discharging the rule that, if the court is without jurisdiction to enjoin the execution or declare the nullity of the judgment, the plaintiff might show improper execution on the merits, and that certain allegations of the plaintiff in rule to dissolve the injunction were unsupported by needful proof.

After the court had thus ruled an exception was filed setting forth the same grounds as in the rule.

The respondent judge, in answer to the rule *nisi* issued by this court returns that the *fi. fa.* is a nullity for want of notice of judgment; that the only evidence submitted on the |trial of the rule to dissolve and in support of the plea to the jurisdiction was the writ of *fi. fa.* enjoined, and that there has been no joinder and no opportunity afforded him to determine the issues of law and fact.

The case is appealable to this court.

The relator propounds one question as involving all the issues of the case.

Has the Twenty-first Judicial District Court for the parish of Jefferson jurisdiction to declare null a judgment pronounced by the Seventeenth Judicial District Court for the parish of St. Mary, and enjoin the execution of that judgment at the instance of a defendant?

Let us see:

In the first place the question contains a *petitio principii*, for it assumes as proven that there is a judgment enjoined, the nullity of which is sought.

There is no evidence before us of any judgment whatever.

The plaintiff in injunction, Eliza Roach, has assumed the responsibility of alleging in general terms that none of the required formalities to obtain a judgment against her have been observed.

At this stage of the proceedings the issue is the existence *vel non* of any of the required formalities.

There are grounds alleged for the injunction entirely *ultra* the law authorizing an injunction, and without the least foundation in law, such as that the surety received no citation or notice.

If this refers to a citation preceding the motion to forfeit the bond the position is absolutely untenable and should not be for a moment considered, for the law is clear that no notice or citation is required, nor is the surety to be notified to produce the body of the principal, further than the call made by the sheriff under the order of the court, on the principal first, and afterward on the surety if the principal fails to answer when called.

If this call, which is made in court, is the formality the defendant contends has not been complied with, it was indispensable and vitiates proceedings subsequent.

The broad allegation of the petition for the injunction includes non-service of any notice of judgment of forfeiture.

In some respects the grounds of injunction are not clearly defined.

Sufficient remains to justify the ruling that the case be heard on the merits.

The allegations upon the face of the papers suggest the unavoidable inference that there was not actual process to sustain a *fi. fa.*

In Lawes et al. vs. Chinn, 4 Martin N. S., page 388, this court held the injunction was a remedial writ against the sheriff to prevent an immediate injury which could not otherwise be effectually warded off, and the plaintiff was necessarily cited to gainsay the allegations of the party and assert his rights. *Ex necessitate rei*, it must have issued

by the judge of the parish in which the execution was to be carried into effect.

The question received brief consideration in case of Police Jury of West Baton Rouge vs. Michel et al., 4 An. 84, and in Hobgood vs. Brown, 2 An. 323.

The plea is not that the process is voidable, but that it is void.

It would be a hardship to compel a person to repair to a distant parish to plead if a process is absolutely void.

The jurisdiction *quoad* the seizure does not attach unless it is predicated of process sufficient to give the seizure the appearance of legal sanction.

If entirely wanting in process, there can be no seizure made that will divest the court of the domicil and of the *situs* of the property from arresting a void seizure.

We express no opinion with reference to any of the issues, save to decide that the plaintiff in injunction, having assumed the burden of proving that all proceedings are void, should be heard in support of the allegations.

The rule that the execution of judgment belongs to the court by which the cause has been tried remains unchanged, and is not enlarged by our decision in this case.

We adhere to the principles laid down in Arthurs vs. Sheriff, 43 An. 416, from which we do not depart by deciding that in proceedings entirely void a defendant is not without remedy before the court of his domicil.

That the litigation may be abbreviated and the plaintiff in injunction may be enabled to avoid costs to a large amount, adding to her burden as security, we have been led to analyse the allegations of her petition and to read between the lines. We are inclined to think, without assuming too much, that ultimately the issues will reduce themselves to the want, possibly of the service of notice of judgment, or possibly as to the effect of a waiver. In that case, the District Court of St. Mary parish alone has jurisdiction.

It had jurisdiction to have the principal called and his surety, and to pronounce judgment on their default. That was the condition of the bond. The want of notice of judgment is not jurisdictional.

It is therefore ordered and decreed that the rule *nisi* be rescinded, and the application herein be refused.