McCALEB, Justice.
Joseph F. Williams, surety on a bail bond executed on December 9th 1948, conditioned upon the appearance of one Dallas Myers in the Criminal District Court to answer a. charge of violating Article 34 of the Criminal Code, LSA-R.S. 14:34, is appealing from, a judgment forfeiting the bond for failure of the principal to appear on August 10th 1951, when called for arraignment. Reclaims that the forfeiture should be set aside because (1) the bond was prohibited by law and the bond clerk was therefore without authority to accept it and (2) because he was not served with notice that the-principal was called for arraignment.
The first point is founded on the-theory that, since, in the affidavit appellant made at the time he signed the bail bond as. surety, he was not required to swear that,, after payment of all of his debts, he was the owner of property liable to seizure worth. $750 (the amount of the bond) but only that, he was worth $750 in movable and immovable property after paying all his just debts, and liabilities, the bond is void being violative of Article 103 of the Code of Criminal Procedure, LSA-R.S. 15:103, and the bond, clerk was without authority to accept it.[1]
We find no merit in the contention.. Aside from the fact that the affidavit executed by appellant substantially, although., not entirely, conforms to the oath provided. *178 for by LSA-R.S. 15:103, the assailed irregularity did not affect either the validity of the bond or appellant’s legal responsibility thereunder. The provisions of LSA-R.S. 15 :103, relative to the essentials of the oath required of sureties on bail bonds, were obviously enacted in the interest and for the protection of the State; appellant was not harmed by the alleged insufficiency of the affidavit and he is, therefore, estopped from denying either “the irregularity of the bond or of the proceedings under which it was allowed.” State v. Williamson, 135 La. 662, 65 So. 877, citing State v. Doyle, 42 La.Ann. 640, 7 So. 699 and Marr’s Criminal Jurisprudence, 1st Ed. Section 206.
 Nor do we find substance in appellant’s other complaint that he was entitled to notice of Myers’ arraignment. Whereas LSA-R.S. 15 :105, depended on by appellant, prescribes that the surety designate, under his signature on the bond, the address at which he makes his domicile for all purposes connected with the bond, including the service of process or notice issued out of the court, the section does not provide for the giving of any particular notice, such as notice of arraignment or trial to the surety. The bond is conditioned upon the appearance of the principal in the Criminal District Court to answer the charges against him and there is no requirement of law that the surety be notified either of arraignment or trial. Sartorius v. Dawson, 13 La.Ann. 111; State v. Brown, 13 La.Ann. 266 and Langridge v. Judge of Twenty First Judicial District Court, 46 La.Ann. 29, 14 So. 427. Albeit, LSA-R.S. 15:108, which provides the procedure for forfeiture of bail bonds before the district courts, merely declares that, if the person charged fails to appear and answer when called, “the judge shalj, on motion of the district attorney, forthwith enter up judgment decreeing the forfeiture of the bond and against such person and his sureties in solido for the full amount thereof.”
The judgment appealed from is affirmed.

. The pertinent portion of the statute relied upon, LSA-R.S. 15:103, provides: “No person shall be permitted to sign any bond required by law who shall not swear that after the payment of all of his debts he is owner in his own right of property, real or personal or both, liable to seizure, in an amount equal to that named in said bond, * * (Italics ours.)
LSA-R.S. 15:104 declares, in part: “Every officer authorized to accept any bond shall have authority to administer any oath required by law to be taken by the person signing such bond;.