221 So.2d 47

**STATE of Louisiana**

**v.**

**Michel LEDENER et al. (Criminal cases).**
**A. B. NUNEZ, d/b/a Summit Fidelity and Surety Company and Summit Fidelity and Surety Company**

**v.**

**STATE of Louisiana (Civil case).**

No. 49592.

March 31, 1969.

Jack P. F. Gremillion, Atty. Gen., William P. Schuler, Asst. Atty. Gen., Leander H. Perez, Jr., Dist. Atty., Charles H. Livaudais, Asst. Dist. Atty., for relator.

Perez, Fernandez & Seemann, Melvyn J. Perez, G. Frederick Seemann, Manuel A. Fernandez, Chalmette, for respondent.

HAMITER, Justice.

In the above mentioned some twenty-odd criminal cases judgments were rendered forfeiting the appearance bonds of the respective defendants when the latter failed to appear in accordance with the terms of the surety contracts. (In most of them numerous continuances were granted, on motion of the bonds' surety, before the forfeitures were decreed.)

Thereafter, A. B. Nunez d/b/a Summit Fidelity and Surety Company, and the Summit Fidelity and Surety Company (surety on all of the bonds), initiated proceedings against the state in the criminal cases, by way of rules, to show cause why the bond forfeiture judgments should not be set aside.

Simultaneously, Nunez and the bonding company (through its agent, Nunez), hereinafter referred to as surety, filed a civil injunction suit against the state in which

they prayed that the latter be enjoined from executing the said bond forfeitures through and under writs of fieri facias obtained by reason of the judgments. To it the state tendered exceptions of no cause of action, want of jurisdiction ratione materiae, improper venue, improper cumulation of actions and lis pendens.

All of the rules in the criminal cases and the injunction matter were consolidated for a hearing in the district court.

Following such hearing the court made absolute the rules of the surety in the criminal cases, thereby setting aside all of the forfeiture judgments. In the civil suit it issued a preliminary injunction prohibiting the state from executing the writs of fieri facias.

At the instance of the state we granted remedial writs. 253 La. 69, 216 So.2d 548. And all causes were consolidated for a hearing in this court.

The bonds in question were forfeited under the following pertinent provisions of LRS 15:85A: "All bonds taken to secure the appearance of any person before any district court, otherwise than at a preliminary examination, shall be forfeited and collected as follows:

"(1) If, *at the time fixed for appearance,* such person fails to appear and answer when called the judge shall, *on motion of the district attorney,* upon hearing of proper evidence including service or attempted service upon the defendant and service upon the surety, *forthwith* enter a judgment decreeing the forfeiture of the bond and against such person and his sureties in solido for the full amount thereof."

As we understand the surety's contention herein, it is that the language of such provisions requires a special hearing to be called for the purpose of forfeiting the bonds, preceded by notice thereof to the accused and to the surety; and that, at the hearing, evidence must be adduced by the state to show service or attempted service (of notice to appear) upon the accused and on the surety. The surety argues that the returns of the sheriff and of his deputies showing the required services is not sufficient, and that it is necessary that the process servers be called to testify thereto.

The district judge, in answer to the writs issued by us, indicates that he was of the opinion that the contention of the surety is sound; and that the bond forfeitures were improperly rendered, because they were based on the returns rather than on the testimony of the process servers.

▬▬▬ We disagree with the surety's contention. The language of the statute clearly reflects that on a simple motion of the state the hearing of evidence of service is to occur when the accused fails to appear in accordance with the terms of the bond; and that the judgment is to be

entered "forthwith"—i. e., immediately or without delay. The notice referred to is, of course, that given to the accused and to the surety *of the time fixed for the accused's appearance.* Moreover, Article 1292 of the Louisiana Code of Civil Procedure provides that the return of the sheriff of citation or other process, "when received by the clerk, shall form part of the record, and shall be considered prima facie correct." (Incidentally, it is now well established that, except for the purpose of determining jurisdiction, proceedings involving appearance bond forfeitures are civil in nature, they arising out of a contract under private signature. See State v. United Bonding Insurance Company of Indianapolis, Indiana, 244 La. 716, 154 So. 2d 374 and State v. Kunzler, 248 La. 133, 177 So.2d 112.) Again, in State v. Myers et al., 221 La. 173, 59 So.2d 111, we found that the requirement of proof of service was satisfied by the recitation in the sheriff's return.

In each case here the judgment decreeing the forfeiture declared that the accused did not appear, that the surety failed to produce him, and that due proof was made that he and his surety were notified. Such judgment is presumed to have been correctly entered in the absence of a showing by the surety to the contrary.

In Mariana v. Eureka Homestead Society, 181 La. 125, 158 So. 642, we held that, in a suit involving minors' rights, the failure of the record to contain evidence of citation on the minors' tutor ad hoc, without other proof, could not be held to destroy the presumption that there had been legal citation since judicial proceedings are presumed to be regular until the contrary is shown. Therein we observed that "under the presumption of omnia rite acta, the tutor was cited." See also Sullivan v. Maynor et al., 132 La. 598, 61 So. 682 and Frederick v. Popich Marine Construction, Inc., 136 So.2d 423 (Court of Appeal).

The surety appeared in all of the instant bond forfeiture proceedings. It raised no objection to the evidence adduced or to the forfeiture judgments. Nor did it appeal from them. And at the hearings it introduced no evidence to establish any irregularities. The judgments must, therefore, be presumed to have been regularly rendered on sufficient evidence.

Because of the conclusion reached above it is unnecessary for us to consider the issues raised by the state's exceptions to the injunction suit, some of which we are inclined to believe have merit.

For the reasons assigned the decrees of the district court annulling the bond forfeiture judgments are reversed and set aside, and the previously rendered judgments ordering the forfeitures are reinstated in full force and effect. Also, the judgment of the district court in the civil

injunction proceeding is voided, and the injunction suit of A. B. Nunez d/b/a Summit Fidelity and Surety Company, and of Summit Fidelity and Surety Company, is dismissed. All costs to be borne by Nunez and Summit Fidelity and Surety Company.

FOURNET, C. J., concurs in the decree.