BYRNES, Judge.
On remand from the Supreme Court, 433 So.2d 183.
By this application for writs relator raises two questions not previously settled by the jurisprudence of this State; 1.) Do the provisions of La.R.S. 15:85(B), as amended through 1979, provide for an automatic release of a surety when a judgment of bond forfeiture has not been paid and the State does not attempt to execute the judgment until after the surrender and conviction of the defendant whose appearance the bond was meant to guarantee? 2.) Assuming a valid judgment of bond forfeiture has been rendered, which District Court in Orleans Parish has the power to execute that judgment, Civil District Court or Criminal District Court?
We first address the issues raised by the wording of R.S. 15:85(B). That statute reads in pertinent part:
Any judgment forfeiting an appearance bond rendered under the provisions of this section, at any time within ninety days of the mailing of the notice of forfeiture to the surety and agent of such surety who posted the bond, shall be set aside upon the surrender or the appearance and trial and conviction or acquittal of the defendant, or upon a continuance granted upon motion of the District Attorney after such appearance. Upon payment of a bond forfeiture judgment by a surety or agent, such payment shall be placed in a trust account by the appropriate custodian of such forfeiture payments until expiration of the time allowed by law for the surety to return the fugitive to the jurisdiction to the court. Upon the surrender or the appearance and trial and conviction or acquittal of the defendant, or upon a continuance granted upon motion of the District Attorney after such appearance, at any time within six months of the payment of the bond forfeiture judgment, the full amount of the payment shall be returned to the surety or agent making such payment and the bond forfeiture judgment shall be set aside. Such refund shall be made to the surety or agent within thirty days of the production or appearance of the defendant.
Relator takes the position that this statute automatically releases the surety where no payment of the forfeiture judgment has been made and the defendant has surrendered and been convicted. We do not agree.
The statute grants an absolute right to have a forfeiture judgment set aside if the defendant surrenders or appears within 90 days of the mailing of the notice of forfeiture required by law. It further provides for an alternate two step process by which a forfeiture judgment may be set aside. This process first requires payment of the judgment by the surety. Thereafter should the defendant surrender within 6 months of the date of payment the judgment must be set aside.
In the present case relator has not met either of the statutory criteria required before a forfeiture judgment may be set aside. The defendants did not surrender or appear within 90 days of the mailing of the notice of forfeiture. This precludes use of the first part of the statute. The defendants surrendered were tried and convicted but the forfeiture judgment was never paid. Because the judgment was never paid the provisions of R.S. 15:85(B), which require setting aside a forfeiture judgment upon surrender of the defendant within 6 months of payment of the forfeiture judgment by the surety, do not apply.
Relator argues that because the State did not attempt to execute the forfeiture judgment until after the defendants surrendered and were convicted the bond obligation was automatically dissolved. We do not agree. La.R.S. 15:89 makes it clear that the State has a 10 year prescriptive period within which to execute on the judicial mortgage which recordation of a forfeiture judgment creates. The fact that the State may choose to delay execution of that judgment until after the defendant is tried has no effect on its right to collect the judgment. It is only on the occurrence of the conditions set forth in R.S. 15:85 that a *592 bond forfeiture judgment must be set aside. Because these conditions have not been met in this case the judgment must stand.
In analyzing the proper procedure for executing this judgment Orleans Parish presents a dilemma unique in this State. In every judicial district except Orleans the district court has both criminal and civil jurisdiction. In Orleans Parish this jurisdiction is vested in two courts, Civil District Court and Criminal District Court. The jurisdiction of these courts is mutually exclusive.
When the Constitution of 1974 was passed the provisions of the 1921 Constitution relating to the District Courts in Orleans Parish were re-enacted as part of the revised statutes and were not included in the new constitution. La.R.S. 13:1137 and 1336 now define the scope of jurisdiction for these two courts. R.S. 13:1137 provides in part; “The Civil District Court for the Parish of Orleans has the same civil jurisdiction as the district courts throughout the State, except as otherwise provided by law.” R.S. 13:1336 provides in part “That Criminal District Court for the Parish of Orleans shall have exclusive jurisdiction of the trial and punishments of all crimes, misdemeanors and offenses committed within the Parish of Orleans if the jurisdiction is not vested by law in some other court.” Thus it appears that resolution of the question at hand will depend on whether an appearance bond forfeiture is characterized as criminal or civil.
It seems clear that one who posts an appearance bond for another has entered into a suretyship agreement with the State. This is a civil contract based on an act under private signature, breach of which will lead to a money judgment against the surety. State v. Ledener, 253 La. 915, 221 So.2d 47 (1969); State v. United Bonding Co. of Indianapolis Indiana, 244 La. 716, 154 So.2d 374 (1963), and the cases cited therein. The unique division of jurisdiction in Orleans Parish does not change the nature of this obligation.
While the breach of the surety’s obligation (i.e. the non-appearance of the defendant) must necessarily occur in Criminal District Court before a criminal judge and it is this judge who must render judgment against the surety, enforcement of that judgment is a civil proceeding. Under present law the Criminal District Court in Orleans Parish is without jurisdiction to issue the civil writ of fieri facias which is required to collect the judgment. That power is vested in the Civil District Court and that is the court to which the State must turn to execute bond forfeiture judgments rendered by the Criminal District Court.
Because the jurisdiction of the District Courts in Orleans Parish is presently a matter of statutory law the legislature could grant Criminal District Court the limited civil jurisdiction necessary to execute a judgment of bond forfeiture. This would eliminate the needless expense and time which the present jurisdictional scheme imposes on the State before it can collect bond forfeiture judgments. However, that decision must be left to the wisdom of the legislature.
The Civil District Court was correct in declining to enjoin or rescind the sale. It is well established that Civil District Court has no jurisdiction, either appellate or supervisory, over Criminal District Court, Maryland National Insurance Co. v. Garrison, 233 So.2d 32, 33 (La.App. 4th Cir.1969).
For reasons outlined above we deny the writ, finding no error in the actions of the Civil District Court.
SCHOTT, J., dissents with reasons.