FRED S. BOWES, Judge Pro Tem.
This appeal is taken from a judgment of the district court prohibiting the defendants from undertaking bail bond obligations in criminal matters in Jefferson Davis Parish. We reverse for the reasons to follow.
Defendant Vidrine Bonding Service is an agent for two insurance companies under *398 taking bail bond operations in Jefferson Davis Parish. In September, 1984, the sheriff of that parish filed a rule to show cause why the defendants should not be prevented from contracting for such bonds, averring that the company failed to comply with their contractual appearance bond obligations.
Defendants filed exceptions of no right of action and misjoinder of parties defendant. After trial on the rule, the court overruled the exceptions and made the rule absolute. From this judgment defendants have appealed, alleging several assignments of error. We find that the trial court was manifestly erroneous in overruling defendants’ exception of no right of action.
La.C.C.P. Art. 927 is the source of the peremptory exception of no right of action. The essential function of this objection is to raise the question of whether a remedy afforded by law can be invoked by a particular plaintiff. It relates specifically to the person of the plaintiff. Bamber Contractors, Inc. v. Henderson Brothers, Inc., 345 So.2d 1212 (La.App. 1st Cir.1977); Landry v. Puritan Insurance Company, 422 So.2d 566 (La.App. 3rd Cir.1982).
Henry v. State of La. through the Department of Health & Human Resources, et al., 435 So.2d 565 (La.App. 3rd Cir.1983)
The exception of no right of action serves to question the right of a plaintiff to maintain his suit; i.e., his interest in the subject matter of the proceedings. The want of interest raised by the exception relates to whether the particular plaintiff falls, as a matter of law, within the general class in whose favor the law grants the cause of action sought to be asserted by the suit.
Mercier v. Flugence, 408 So.2d 52 (La.App. 3rd Cir.1981)
In this regard, we note that the present rule seeks a judicial determination of whether or not the defendant should be permitted to undertake bail bond operations in the parish. Put another way, the suit requests that the court decide whether the defendants are entitled to contract with the State in this regard. One who posts an appearance bond enters into a suretyship agreement with the State. This is a civil contract based on an act under private signature and breach of which will lead to a money judgment against the surety. See State v. Julian, 438 So.2d 590 (La.App. 4th Cir.1983); and State v. Ledener, 253 La. 915, 221 So.2d 47 (1969).
La.R.S. 16:1(B) grants the district attorney the power to represent the State in his judicial district in all civil actions and criminal prosecutions. The district attorney is the representative of the State in all civil actions and may bring an action within his jurisdiction for the State or any of its agencies. Franks v. Mercer, 401 So.2d 470 (La.App. 2nd Cir.1981).
We find nothing in the law which would permit the sheriff of a parish to bring an action such as the one at bar. The fact that the sheriff is keeper of the parish jail, as emphasized by appellee, may indeed indicate that the sheriff has some interest in bail proceedings. However, such fact does not create a right of action on his behalf to intervene in such actions, much less institute a civil action to determine contractual rights between the State and a bonding company.[1] The proper party plaintiff to bring the present action is the district attorney of the parish of Jefferson Davis. We find that the sheriff was without authority, as a matter of law, to bring the rule.
An exception of no right of action is a peremptory one. C.C.P. art. 934.
When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection cannot be so *399 removed, or if plaintiff fails to comply with the order to amend, the action shall be dismissed.
The petition cannot be cured by amendment to the pleadings in the present case. Therefore, we are obliged to dismiss the action.
Because of the foregoing findings, it is unnecessary to address the remaining assignments of error.
Therefore, the judgment of the trial court dismissing the exception of no right of action and making the rule to show cause absolute is reversed, and the case dismissed. Costs are taxed to the appellee.
REVERSED.

. As support to our conclusions, we note that in actions involving bail bond forfeitures under R.S. 15:85, it is the district attorney who must bring the motion on behalf of the State.