567 So.2d 721 (1990)
STATE of Louisiana, Plaintiff/Appellee,
v.
Pete BAILEY, Jr., Defendant/Appellant.
No. 21702-CA.
Court of Appeal of Louisiana, Second Circuit.
September 26, 1990.
Rehearing Denied October 25, 1990.
*722 Smith-Martin by Graymond F. Martin, New Orleans, for defendant/appellant.
Earl Cox, Asst. Dist. Atty., Monroe, for plaintiff/appellee.
Before FRED W. JONES, Jr., SEXTON and NORRIS, JJ.
FRED W. JONES, Jr., Judge.
In this action to set aside or nullify a judgment of bond forfeiture, the surety, International Fidelity Insurance Company (IFIC) appealed the judgment of the trial court denying its motion filed in the criminal case upon ruling that a bond forfeiture judgment is civil in nature and any action to annul such a judgment must be instituted in a civil proceeding.

Issue Presented
On appeal, the surety asserts the following assignment of error:
The trial court erred in ruling that the surety's motion to set aside judgment of bond forfeiture/petition for nullity of judgment was not properly before the court when the motion/petition was in fact the proper vehicle to bring a valid civil nullity action contesting the civil judgment of bond forfeiture and a valid motion to set aside the civil judgment of bond forfeiture pursuant to La.R.S. 15:85.

Factual Context
The record reflects that defendant, Pete Bailey, Jr., was arrested on November 1, 1983 and later charged as a felon in possession of a firearm in violation of La.R.S. 14:95.1. On that same date an appearance bond was posted for the release of defendant by the surety in the amount of $5000. The bond stated defendant was to appear in court on November 21, 1983. Defendant appeared in court as ordered throughout the criminal proceeding. On May 27, 1986 defendant was tried and found guilty as charged. On October 17, 1986 defendant appeared in court and was sentenced to pay a fine of $1000 and to serve a term of imprisonment of three years at hard labor. The defendant objected to excessiveness of sentence and appealed to this court, which later affirmed the conviction and sentence on August 19, 1987. See State v. Bailey, 511 So.2d 1248 (La.App. 2d Cir.1987), writ denied, 519 So.2d 132 (La.1988).
Defendant failed to appear to begin serving his sentence as ordered on March 8, 1988. The trial court rendered an oral bond judgment and testimony was taken in lieu of documents to support the action. A written judgment was signed on March 21, 1988 decreeing forfeiture of the appearance bond against defendant and the surety in the full sum of $5000 together with interest at the rate of 7%. Notice of the bond forfeiture was mailed to the surety on March 28, 1988.
On May 13, 1988 Ralph's Bail Bonds, agent for the surety, filed a motion to set the bond forfeiture aside, alleging that notice to the surety as required by La.C.Cr.P. Article 337 was not given and that notice of *723 the judgment was not given pursuant to La.R.S. 15:85. It was also alleged that the surety was not given notice of the initial setting which the defendant missed and the requirements of La.R.S. 15:85 were not followed. Finally, it was alleged that when the district attorney called the defendant on bond, no evidence was adduced showing notice of the appearance to defendant and the surety and that the district attorney orally attached by reference certain documents which were not in the record. Therefore, the court should not have granted judgment as it did not hear proper evidence.
On September 12, 1988, pursuant to an agreement between the district attorney and the surety, the district attorney filed an amended judgment which changed the amount of interest from 7% to 9.75%. Notice of bond forfeiture was again sent to the surety on that same date.
On November 14, 1988 the surety filed a motion in the criminal case to set aside judgment of bond forfeiture/petition essentially alleging that no prior notice of defendant's required appearance for March 8, 1988 was provided to the surety as required by law and that the district attorney, in moving for the judgment of bond forfeiture, had submitted testimony in lieu of documents. The surety also alleged the amended judgment was not valid and enforceable as the judgment was amended ex parte and the change in the interest rate was a substantive change, thus requiring an adversarial hearing. In the alternative, if the amended judgment was valid, the amendment related back to the original judgment and the notice of the judgment was more than six months after the defendant failed to appear, a violation of the post-forfeiture notice requirements contained in La.R.S. 15:85 which thereby releases the surety under the bond. Further, contrary to the provisions of law, no adequate hearing was held, no valid evidence was introduced and no prima facie case was made sufficient to order entry of judgment. Finally, the surety alleged that the pre-forfeiture notice required pursuant to La.C.Cr.P. Article 337 was not met and parol evidence was inadmissible to prove service sufficient to render a judgment.
In its answer, the State alleged that at the bond forfeiture hearing a Deputy Sheriff testified that a copy of the order to the bondsman had been mailed three days prior to March 8, 1988 as required by La.C.Cr.P. Article 337. The State alleged that the whole purpose of filing the amended judgment was to extend the six-month period for surrendering defendant as part of an agreement reached with the surety. The State alleged that the original judgment was valid when entered and if the amended judgment was set aside, the parties should be put in status quo by reinstating both the original judgment and notice of judgment. The State further alleged the surety had lost its right to attack the bond forfeiture judgment by the running of the 60-day time limit on appeals as set forth in La.R.S. 15:85 and the filing of a motion to set aside the bond forfeiture/nullity of judgment in connection with the criminal case was improper as such actions were civil in nature and must be prosecuted as such.
Following the surrender of defendant by the bondsman on February 22, 1989 the surety filed a supplemental motion to set aside the judgment of bond forfeiture as defendant had been surrendered within six months of the mailing of the second notice of bond forfeiture in accordance with law.
Following a hearing, the trial court denied the surety's motion. It noted the surety's motion alleged, among many things, that it was not given the requisite notice provided for in La.C.Cr.P. Article 337 and that the trial court failed to follow the guidelines of La.R.S. 15:85. The court stated it was being asked in a criminal proceeding to set aside a civil judgment arising from a contract between the surety and the State. Although it was well recognized that the procedural authority of an appearance on a bail bond was purely a criminal matter, once the bond was called and judgment rendered obligating the surety, the obligation became civil by nature as any other money judgment. Therefore, the court held that an action to annul a civil *724 judgment must be filed as a civil proceeding.

Legal Principles
The law relating to commercial sureties on bonds for criminal defendants is set forth in La.C.Cr.P. Articles 323-343 and La.R.S. 15:81-89. Specifically, La.R.S. 15:85 A(2)(a) provides this procedure for a commercial bond forfeiture in a district court:
If within twenty-four hours after the rendition, under the provisions of this Section, of any judgment forfeiting any appearance bond, the judgment has not been paid, the district attorney shall cause the judgment to be recorded, and may, at any time, cause it to be recorded in every parish in which he thinks the recordation proper, and every such recordation shall be without cost and shall operate as a judicial mortgage against both the principal and his sureties. If the judgment has not been paid within sixty days of mailing of proper notice hereunder, the district attorney shall cause to issue a fieri facias against both the principal and his sureties. The sixty-day period herein constitutes an appeal delay and failure to assert a defense to the forfeiture and collection of the bond within this period waives any defense to the forfeiture and collection of the bond as set forth in this Section ...
One who posts an appearance bond enters into a suretyship agreement with the State. This is considered a civil contract based upon an act under private signature, breach of which will lead to a money judgment against the surety. State v. Shief, 534 So.2d 513 (La.App. 5th Cir.1988) and Cormier v. Vidrine, 491 So.2d 397 (La. App. 3d Cir.1986). Except for the purpose of determining jurisdiction, those proceedings involving bond forfeitures are civil proceedings which are subject to the rules of civil procedure. While the procedure and jurisdictional authority for the forfeiture of an appearance or bail bond is a criminal procedure and jurisdiction, after a judgment ordering the forfeiture of the bond is rendered against the surety the obligation of the surety is civil in nature and enforced in civil proceedings. Therefore, a surety's action to annul a judgment of a district court forfeiting an appearance or bail bond is a civil action and the judgment in the surety's action to annul the judgment of forfeiture is an appealable civil judgment. State v. Wheeler, 508 So.2d 1384 (La.1987); State v. Dunlevie, 503 So.2d 1004 (La.1987); Gennuso v. State, 339 So.2d 335 (La.1976); State v. Sandoz, 258 La. 297, 246 So.2d 21 (1971); State v. Smith, 524 So.2d 898 (La.App. 2d Cir.1988), and State v. Julian, 438 So.2d 590 (La.App. 4th Cir.1983).
The general rule is that bond forfeitures are not favored. Before a judgment of forfeiture may be entered, the State must comply strictly with the provisions of La.R.S. 15:85 and La.C.Cr.P. Article 337. State v. Dickerson, 534 So.2d 976 (La.App. 5th Cir.1988); State v. Dunlevie, 516 So.2d 1253 (La.App. 2d Cir.1987), writ denied, 521 So.2d 1149 (La.1988) and State v. Robinson, 504 So.2d 1160 (La.App. 5th Cir.1987).
The articles governing civil nullity actions are found in the Code of Civil Procedure. A nullity action is a separate means by which to challenge the validity of a judgment and does not act as a substitute for a defense on the merits or for a timely appeal. The grounds for an action of nullity are contained in La.C.C.P. Articles 2001 et seq. and are exclusive. Judgments can be attacked on the grounds that they are absolutely null under the provisions of La. C.C.P. Article 2002 or relatively null as provided by La.C.C.P. Article 2004. A judgment is an absolute nullity when there exists a vice of form and a person with interest may show such nullity in collateral proceedings at any time and before any court as absolutely null judgments are not subject to the venue and delay requirements of the action of nullity. A collateral attack has been defined as an attempt to impeach the decree in a proceeding not instituted for the express purpose of annulling it.
On the other hand, a final judgment which has been obtained by fraud or ill-practices may be annulled pursuant to La. C.C.P. Article 2004. Such a judgment is *725 not an absolute nullity and the nullity must be properly decreed within the time prescribed. The jurisprudence has established that such grounds must be asserted in a direct action and not raised collaterally. By direct action is meant that the party praying for the nullity of a judgment must bring his action by a petition and the adverse party must be cited to appear as in ordinary suits. As these articles provide the exclusive grounds for nullity of judgment, the facts alleged in the petition must show entitlement to the annullment based solely on these grounds. Nethken v. Nethken, 307 So.2d 563 (La.1975); State v. Posey, 550 So.2d 1368 (La.App. 5th Cir. 1989); Charia v. Mungoven, 550 So.2d 939 (La.App. 5th Cir.1989), and LeGlue Buick, Inc. v. Smith, 390 So.2d 262 (La.App. 3d Cir.1980).

Motion to Set Aside/Petition for Nullity
On appeal the surety notes that the bond forfeiture proceeding is a hybrid mixture of civil and criminal law since the judgment of bond forfeiture is considered a civil judgment which is authorized by the criminal law and statutes. The surety contends that a bond forfeiture may be contested by a civil nullity action as well as by an action to set aside as specified in La.R.S. 15:85. The surety asserts that in its motion to set aside/petition for nullity it articulated grounds for contesting the bail bond forfeiture pursuant to La.R.S. 15:85 and that such an action was proper to contest the judgment of bond forfeiture even though the underlying forfeiture proceeding was civil in nature. The surety notes that La. R.S. 15:85 provides the specific authorization for forfeiture judgments, the raising of certain defenses to the forfeiture and for the bringing of attacks against the forfeiture. The surety argues that the practical effect of the trial court's decision is to foreclose the use of La.R.S. 15:85. Consequently, a surety would never be able to employ that statute in a criminal proceeding in order to avail itself of the rights granted thereunder because the attack on the judgment of the bond forfeiture must be by a civil proceeding even though the forfeiture was rendered in accordance with that statute. Finally, the surety contends that even if the surety could only bring a civil action to contest the bond forfeiture judgment, it had complied with this requirement by bringing its civil nullity action along with a criminal action.
After reviewing the pertinent statutes and jurisprudence, it is apparent that there is no definitive statement as to the manner in which such claims should be raised, thus resulting in confusion as to the appropriate procedure. Certainly a civil action of nullity pursuant to La.C.C.P. Articles 2001 et seq. is an appropriate method. But, as many of the rights of the bondsman/surety are governed by the Louisiana Code of Criminal Procedure and La.R.S. 15:85, and as those articles set forth procedures for setting aside a bond forfeiture judgment, such as the appeal delay, a strong argument can be made that the judgment can be attacked in the criminal proceeding. The jurisprudence provides no specific guidance and many of the cases dealing with actions to set aside bond forfeiture judgments appear to have been filed as part of the ongoing criminal proceeding even though the action to annul a bond forfeiture judgment has been held to be a civil proceeding.
In this case, the document filed by the surety was entitled Motion to Set Aside Judgment of Bond Forfeiture/Petition for Nullity of Judgment and its content clearly evidenced the surety's intent to assert the nullity of the bond forfeiture judgment. By the filing of this document, the State received fair notice of the surety's intent and there has been no showing that the State has been prejudiced by the use of a criminal caption as opposed to a civil caption. Though the action was asserted under the criminal caption, the allegations contained therein were sufficient to inform the State that a civil action of nullity was being asserted. The trial court abused its discretion in dismissing the suit instead of ordering it transferred to the civil section or otherwise reassigning the case to maintain it as a civil action.
Upon examining the allegations contained in the surety's motion to set *726 aside/petition for nullity, the purpose of that document is clear. Among the allegations the surety asserted that no adequate hearing was held, no valid evidence was introduced, no prima facie case was made sufficient to order entry of judgment and proper notice as required by the Louisiana Code of Criminal Procedure was not given. Based upon these defects, the surety prayed that the judgment of bond forfeiture be set aside and declared an absolute nullity. These allegations are sufficient to state a nullity claim and for procedural purposes a motion/petition of this type is sufficient to institute a nullity action under La.C.C.P. Articles 2001 et seq. See State v. Posey, supra and State v. Overton, 504 So.2d 1098 (La.App. 5th Cir.1987).

Decree
For these reasons, the judgment of the trial court ordering the dismissal of the surety's action is REVERSED and this matter is hereby REMANDED to the trial court so that this action may be reinstated and transferred to the civil section for further proceedings in accordance with law and subject to the local court rules.

APPLICATION FOR REHEARING
Before FRED W. JONES, Jr., SEXTON, NORRIS, MARVIN and LINDSAY, JJ.
Rehearing denied.