Dear Ms. Savoy:
Your request for an attorney general opinion has been forwarded to me for research and reply. Specifically, you have asked the following question:
May a municipality employ a bail bondsman to enforce unpaid bench warrants?
A bail bondsman, upon posting bail for a defendant, enters into a suretyship with the state. State v. Bailey, 567 So.2d 721. The bondsman thereby becomes the surety and is responsible for the principal's appearance in court. Breach of this contract will lead to a monetary judgment against the surety. Supra. The bondsman enters into a contractual relationship with the defendant and with the state. It is only through this contractual relationship with a particular defendant and the state that the bondsman, as surety, is given any authority over that particular defendant. This limited authority is clear in La. C.Cr.P. Art.345(A) which states in pertinent part, "For the purpose of surrendering the defendant, the surety may arrest him."
A bench warrant is an order for the attachment or arrest of a person. In Louisiana, only a peace officer has the authority to execute a warrant. La. C.Cr.P. Art. 204. The arrest authority given to a bondsman through a contract of suretyship and La. C.Cr.P. Art. 345(A) is an exception to this general rule. This authority is vested only by the suretyship and only in order to procure the presence in court of the defendant with whom the bondsman formed the contract.
After a defendant has been assessed a fine, La. R.S.15:571.11 provides that fines and forfeitures shall be collected by the sheriff or officer of the court. La. R.S. 9:3576.5 further provides that while other public debts owed by a person may be contractually collected by licensed and bonded collection agencies, debts from outstanding bench warrants, parking fines and traffic violations are specifically excepted from this provision. Collection agencies are businesses whose function is to collect unpaid and overdue debts. If these businesses are prohibited from collecting on unpaid bench warrants, it logical: follows that only those whom the law authorizes to collect these fines are allowed to do so. Furthermore, La. R.S. 15:574.20(D)(1) provides, "No elected official shall have any business arrangement with a bail bonding company." This provision expressly prohibits the type of relationship which you are seeking. Thus, it is the opinion of this office that a municipality may not procure the services of a bail bondsman in order to collect on a bench warrant.
If our office can be of any further assistance, please do not hesitate to contact us. With kindest regards, I remain
Very truly yours,
 Richard P. Ieyoub Attorney General
 Frederick A. Duhy Assistant Attorney General La.Atty. Gen. Op. No. 96-85, 1996 WL 387368
(La.A.G.)
Opinion No. 81-253
March 11, 1981
5 — ARREST 8 — BAIL — SURETY
By private person; duties and powers. (1.) Bail bondsmen may arrest a fugitive in Louisiana when he is surety for that fugitive, he cannot authorize private citizen to arrest such a fugitive; (2.) Person so arrested should be booked into nearest jail in parish where arrested, otherwise bail bondsman, for violating his booking procedure, could be subject to contempt charges or obstruction of court order; (3.) Bail bondsmen are not peace officers, however they must comply with bondsmen are not peace officers, however, they must comply with the extradition laws and statutes on the use of force, weapons, etc. Art. v. § 2, La. Constitution; Art. I, § 11, La. Constitution R.S. 14:95;14:95.1; 14:133.1 C.Cr.P. Articles: 12, 20, 25, 207, 214, 219, 220, 224, 226, 228, 265, 266, 269, 270, 338 and 340.
Honorable Salvador J. Lentini Chief of Police City of Kenner 1801 Williams Boulevard Kenner, Louisiana 70062