^THIBODEAUX, Judge.
Appellant, Legion Insurance Company (“Legion”), appeals the judgment of the trial court denying its Petition for Nullity of Judgment of Bond Forfeiture and Motion for Discharge and Release of Surety. On December 5, 2000, a bench warrant was issued and bond forfeiture ordered against the defendant, Dominick Eugene Patterson, for failure to appear in court. Legion asserts that the State failed to introduce proper evidence of notice to Mr. Patterson of the arraignment set for December 5, 2000, rendering the judgment of forfeiture null and void.
For the following reasons, we affirm the trial court’s judgment of bond forfeiture.
I.

ISSUES

We shall consider the following issues:
(1) whether the trial court erred in denying Legion’s petition for nullity of judgment of bond forfeiture and motion for discharge and release of surety?
(2) whether the trial court erred in finding that the State of Louisiana had provided proper evidence of notice to the defendant requiring his court appearance on December 5, 2000?
Since these issues are so interrelated, we shall address them together.
II.

FACTS

On June 27, 2000, Dominick Eugene Patterson was arrested in Allen Parish for violations of La.R.S. 32:64 and La.R.S. 40:966(A)(1), impeding the flow | gof traffic and possession of marijuana with intent to distribute, respectively.[1] On June 30, 2000, Legion and Mr. Patterson executed an appearance bond obtaining the release of the defendant. This bond did not indicate a court appearance date.
On August 8, 2000, Mr. Patterson was charged by bills of information with the offenses cited on June 30, 2000. Following this proceeding, Mr. Patterson, who was personally served notice for court appearance, failed to appear in court on December 5, 2000. Motion for judgment of bond forfeiture was filed on January 9, 2001. Judgment of bond forfeiture was signed and entered based on Patterson’s nonappearance.
Legion filed a Petition for Nullity of Judgment of Bond Forfeiture and Motion for Discharge and Release of Surety on October 1, 2001. Legion asserted that proper evidence of notice to the defendant was not introduced into the trial court at the December 5, 2000 hearing. On April 23, 2002, the trial judge denied the appellant’s petition for nullity. Legion now appeals the April 2002 judgment.
III.

LAW AND DISCUSSION

Legion asserts that the State failed to introduce proper evidence that Mr. Patterson was served with notice to appear on December 5, 2000. Relying on this claim, *874 Legion argues that the court improperly rendered a judgment of bond forfeiture. We disagree.
The applicable statute for bond forfeiture proceedings is La.R.S. 15:85 (emphasis added):
All bonds taken to secure the appearance of any person before any court executed in the state of Louisiana |sshall be forfeited and collected as follows:
(1) Failure to appear and answer. If at the time fixed for appearance the defendant fails to appear and answer when called, the judge, on motion of the prosecuting attorney, upon hearing of proper evidence including: the bail contract; the power of attorney if any; and the notice to the defendant and the surety as required by Article 344 of the Code of Criminal Procedure, shall immediately and forthwith issue a warrant for the arrest of the person failing to appear and order a judgment decreeing the forfeiture of the bond and against the defendant and his sureties in solido for the full amount of the bond.
Louisiana Code of Criminal Procedure article 844(B)(1) states “[wjhen a bail bond does not fix the appearance date, and the presence is required of a person who has been released on bail, the defendant and his personal surety or the commercial surety or the agent or bondsman who posted the bond for the commercial surety, shall be given written notice of the time, date, and place the principal is required to appear.” Otherwise, the surety is released from liability should the defendant not appear. La.Code Crim.P. art. 344(B)(4).
Mr. Patterson failed to appear in court to enter his plea. Legion asserted that it was uncertain whether Mr. Patterson was officially notified to appear in court on the date set for hearing. The hearing testimony is as follows:
The Court: Dominick Eugene Patterson
Mr. Demoruelle[2]: I don’t know if he was notified to be here today officially.
The Court [reading the Sheriffs service return]: Yes sir, this is pretty official.
Mr. Demoruelle: It’s official enough.
The Court: All right. In CR-2000-2944, State of Louisiana versus Dominick Eugene 14Patterson, let the record reflect that the name of Mr. Patterson was sounded in the courtroom with no response. He was served personally by Deputy Nook Manuel of the Allen Parish Sheriffs Department. That service having been personal service on November 14, 2000. He was noticed to be in court to enter a plea today. He has failed to appear. Accordingly, let a bench warrant be issued for his arrest and bond forfeiture is ordered.
Failure to introduce evidence of actual notice to the defendant does not void the bond forfeiture. In State v. Ledener, 253 La. 915, 221 So.2d 47 (La.1969), Summit Fidelity and Surety Company asserted a similar claim against the State requesting that the bond forfeiture be set aside. According to the surety, “the returns of the sheriff and of his deputies showing the required services [was] not sufficient [for bond forfeiture], and that it [was] necessary that the process servers be called to testify thereto.” Id. at 48-49. The trial court entered judgment based on Summit’s argument that a bond forfeiture could not be issued on a sheriffs return. The Louisiana Supreme Court disagreed.
At commencement of this action in Le-dener, La.R.S. 15:85(A) read as follows:
*875 All bonds taken to secure the appearance of any person before any district court, otherwise than at a preliminary examination, shall be forfeited and collected as follows:
(1) If, [a]t the time fixed for appearance, such person fails to appear and answer when called the judge shall, [o]n motion of the district attorney, upon hearing of proper evidence including service or attempted service upon the defendant and service upon the surety, [forthwith enter a judgment decreeing the forfeiture of the bond and against such person and his sureties in solido for the full amount thereof.
Id. at 48.
[.^According to the court, Summit relied on the language in the above provision to determine ... that, “at the hearing, evidence must be adduced by the state to show service or attempted service (of notice to appear) upon the accused and on the surety.” Ledener, 221 So.2d at 48.
In its analysis, the supreme court stated:
We disagree with the surety’s contention. The language of the statute clearly reflects that on a simple motion of the state the hearing of evidence of service is to occur when the accused fails to appear in accordance with the terms of the bond; and that the judgment is to be entered ‘forthwith’ — i.e., immediately or without delay. The notice referred to is, of course, that given to the accused and to the surety [o]f the time fixed for the accused’s appearance. Moreover, Article 1292 of the Louisiana Code of Civil Procedure provides that the return of the sheriff of citation or other process, ‘when received by the clerk, shall form part of the record, and shall be considered prima facie correct.’ (Incidentally, it is now well established that, except for the purpose of determining jurisdiction, proceedings involving appearance bond forfeitures are civil in nature, they arising out of a contract under private signature....) Again, in State v. Myers et al., 221 La. 173, 59 So.2d 111, we found that the requirement of proof of service was satisfied by the recitation in the sheriffs return.
Id. at 49. (Citations omitted).
Currently, Louisiana Code of Civil Procedure article 1292 (emphasis added) reads:
The sheriff shall endorse on a copy of the citation or other process the date, place, and method of service and sufficient other data to show service in compliance with law. He shall sign and return the copy promptly after the service to the clerk of court who issued it. The return, when received by the clerk, shall form part of the record, and shall be considered prima facie correct. The court, at any time and upon such terms as are just, may allow any process or proof of service thereof to be amended, unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the process issued.
| (¡Based on the above analysis, we find that the trial judge’s reading of the sheriffs return into the record in this case is proper evidence that notice was given to Mr. Patterson. La.R.S. 15:85(1) does not require that evidence be physically introduced into the record to issue bond forfeiture, but requires only a “hearing of proper evidence.” The above trial court recitation demonstrates that Mr. Patterson was personally served by the sheriff on November 14, 2000. The trial judge read aloud the sheriffs return into the record. As a result, proper evidence of notice to the defendant was established, and the trial judge properly denied Le *876 gion’s petition for nullity based on Mr. Patterson’s failure to appear in court.
IV.

CONCLUSION

For the above reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to the appellant, Legion Insurance Company.
AFFIRMED.

. Patterson also was charged with violating La.R.S. 32:402, operating a motor vehicle without a license.

. Mr. Patterson’s attorney.