McCLENDON, J.
| rA surety appeals a trial court’s denial of its motion to set aside a bond forfeiture judgment. For the reasons that follow, we affirm.
FACTUAL AND PROCEDURAL HISTORY
On December 21, 2002, Terri L. Davis was arrested on charges of theft and contributing to the delinquency of a juvenile. On December 23, 2002, she was released from jail after posting a $15,000 appearance bond issued by surety Bankers Insurance Company (Bankers) through its agent, Bail Bonds Unlimited (BBU). The address provided for Davis on the bond was 1135 Hillcrest Dr. SE, Atlanta, GA. The agent’s address was listed as 235 Der-bigny St., Gretna, LA 70053. The bond did not set an appearance date.
Davis’ arraignment was scheduled for September 15, 2003. On July 3, 2003, the State attempted to serve notice of the arraignment on Davis at the Atlanta, GA address provided by Davis on the bond. It also sent notice to Davis at the same Atlanta address via certified mail. The State likewise mailed notice to BBU and Bankers and further attempted to serve notice on BBU at its listed Gretna, LA address.
The attempted service on BBU was returned designated “Unable to Locate” with the additional notation “moved-no forwarding address.” Both the service and certified mailing of the notice to Davis also were unsuccessful due to a typographical error in the address made by the State. Therefore, the arraignment was rescheduled for October 10, 2003. Subsequently, service and certified mailing of notice were attempted on Davis at the Atlanta, GA address previously listed by Davis on the bond. The Fulton County Sheriffs Office was unable to serve Davis. The service return dated October 3, 2003 and an affidavit of diligent search dated [¡¡October 2, 2003 stated that service was impossible because the address was one of a vacant house. Service of the notice on BBU was again unsuccessful as well. The return was date stamped September 18, 2003 by the Jefferson Parish Sheriffs Office and indicated that BBU had moved.
On October 10, 2003, Davis failed to appear in court. The court’s minute entry for this date indicates that it heard evidence that the accused received service on October 3, 2003, and the surety received notice on September 18, 2003. Accordingly, the court rendered a bond forfeiture judgment in favor of the State and against Davis, Bankers, and BBU. On December 15, 2003, Bankers filed a motion to set aside the bond forfeiture judgment, asserting that it was a nullity because there was no proof in the record that Davis had received service, which is required by La. C.Cr.P. art. 344(B)(1). Absent such notice, Bankers argued that the bond forfeiture was improper. A hearing on the motion was held on February 3, 2004, wherein Bankers asserted that, regardless of the State’s efforts to give notice by certified mail and formal service, the State should have sent notice via U.S. first class mail to the Atlanta, GA address. Noting the futility of mailing notice to a vacant house, the trial court denied the motion. Bankers appealed.
DISCUSSION
Louisiana Revised Statutes 15:85 permits a bond forfeiture judgment upon hearing of proper evidence, including the *746 bail contract, the power of attorney, if any, and notice to the defendant as required by the La.C.Cr.P. art. 344. Where, as here, a bond does not fix the appearance date, La.C.Cr.P. art. 344(B)(1) requires that the defendant and the surety, or the agent or bondSsman who posted the bond for the surety, be given written notice of the time, date; and place the defendant is required to appear. Such notice |4may either be delivered by an officer designated by the court or mailed to the address designated pursuant to La.C.Cr.P. art. 322. La. C.Cr.P. art. 344(B)(2). Louisiana Code of Criminal Procedure article 322(A) provides that the address listed by the defendant on the bond shall be conclusively presumed to continue for all proceedings on the bond, until he or she files in the proceeding in which the bond was given a written declaration changing the address. The same is true for the address listed on the bond by the agent or bondsman. La.C,Cr.P. art. 322(D). The record in this case is devoid of any written declaration filed by either Davis or BBU changing their respective addresses.
On appeal, Bankers contends that the State was required to prove that the defendant was actually served with notice of the appearance date in order to obtain the bond forfeiture judgment, stressing that La.G.Cr.P. art. 344 requires that the notice be “delivered” to the defendant. It contends that an attempt to serve the defendant at her address listed on the bond is insufficient. Bankers further submits that had the State merely mailed the notice to the address via U.S. first class mail this would have resolved the problem, since such a mailing provides “a presumption of service.”
The State counters that Davis did not file into the proceedings a written declaration changing her address. Moreover, it points out that it sent notice, via certified mail, to Davis at the address on the appearance bond. Finally, the State submits that the record establishes that it attempted to serve Davis with notice of the arraignment at the address listed on the bond, which it contends clearly meets the notice requirements of La.C.Cr.P. art. 344. We agree with the State’s contention. It is true that the law does not favor bond forfeitures, and the State must strictly comply with the statutory procedures in bail bond actions in order to obtain a valid bond forfeiture. Banker’s Insurance Company v. Kemp, 96-0469, pp. 2-3 (La.App. 1st Cir.12/20/96), 686 So.2d 111, 112. However, failure to introduce evidence of actual notice to the defendant does not void a bond forfeiture. State v. Patterson, 2002-879, p. 4 (La.App. 3rd Cir.2/5/03), 838 So.2d 872, 874. Rather, to satisfy the notice requirement, the State must submit proof that it gave, ■ or attempted to give, notice to the defendant in accordance with La.C.Cr.P. art. 344. State v. Holloway, 28,901, p. 4 (La.App. 2nd Cir.12/11/96), 684 So.2d 1068, 1070.
In the instant case, the State offered proof that it attempted to serve Davis at the address listed on the bond; however, the return indicated that the address provided was for a vacant house. As previously noted, the record contains no evidence that the defendant had filed a written declaration changing the address on the appearance bond in the criminal proceeding for which the bond was given as required by La.C.Cr.P. art. 322. Thus, it was the defendant’s breach of her bail obligation to provide a correct address that prevented the State from giving her actual notice of the appearance date.
It has long been held that where the defendant provides an incorrect address on a surety bond, and the State proves that it sent notice of the hearing *747 date by attempting to serve the defendant at the incorrect address, proof of notice is satisfied so as to enable to the State to obtain a bond forfeiture judgment under La. R.S. 15:85. State v. Anthony, 525 So.2d 247, 249 (La.App. 1st Cir.1988); State v. Ainsworth, 2004-177, pp. 6-8 (La.App. 5th Cir.6/29/04), 878 So.2d 864, 867-69. Similarly, we hold that the State’s evidence demonstrating it attempted to serve the defendant at the address listed on the bond constitutes sufficient proof of notice as required by La.C.Cr.P. art. 344 and La. R.S. 15:85. Therefore, the trial court properly denied Bankers’ motion to vacate the bond forfeiture judgment.
I ^DECREE
For the foregoing reasons, the judgment appealed from is hereby affirmed. All costs of this appeal are assessed to appellant, Bankers Insurance Company.
AFFIRMED.