WILLIAMS, J.
b The State of Louisiana appeals a judgment denying its exception of prescription *812 and granting the motion to set aside the judgment of bond forfeiture filed by Accredited Surety and Casualty Company, the surety for the defendant, Anthony Lo-drige. For the following reasons, we affirm.
FACTS
In August 2013, the defendant was arrested in Bossier Parish and charged with possession of a Schedule II Controlled Dangerous Substance, methamphetamine, driving under suspension and failure to stop at a red light. Accredited Surety and Casualty Company (“Accredited”), through its representative, Eagle Bail Bond Specialists, posted three appearance bonds in the total amount of $5,600 for the release of defendant. On October 1, 2013, defendant failed to appear in court for a scheduled hearing and the bond was ordered forfeited. The district court rendered a judgment of bond forfeiture against the defendant and Accredited, as surety, in the amount of $5,600. On October 25, 2013, the clerk of court mailed notice of the judgment to Accredited and defendant.
On April 23, 2014, the defendant was arrested and booked into the jail in Natch-itoches Parish. Accredited filed a motion to set aside the judgment of bond forfeiture on April 25, 2014. The state then filed an exception of prescription alleging that Accredited had failed to file its motion within the applicable statutory time period. After a hearing, the district court granted Accredited’s motion to set aside the judgment of bond forfeiture and denied the exception of prescription. The state’s motion for new trial was denied following a hearing. The district court rendered 1 judgment denying the state’s exception of prescription and granting the surety’s motion to set aside the judgment of bond forfeiture. The state appeals the judgment.
DISCUSSION
The state contends the district court erred in denying the exception of prescription. The state argues that the motion to set aside the judgment of bond forfeiture was not timely because it was filed more than 180 days after the notice of judgment was mailed.
The general rule is that bond forfeitures are not favored. State v. Bailey, 567 So.2d 721 (La.App. 2d Cir.1990). For bonds with a face value of less than $50,000, a judgment forfeiting the bond shall be fully satisfied and set aside upon the surrender or appearance of the defendant within 180 days after the date of mailing the notice of the signing of the judgment of bond forfeiture. LSA-C.Cr.P. art. 349.8(A). If defendant is found to be incarcerated in another parish during the period allowed for his surrender, the judgment of bond forfeiture is deemed satisfied if (1) the surety files a motion within the period allowed for the defendant’s surrender; (2) the surety provides the court with a letter verifying that defendant was incarcerated within the period allowed for his surrender; and (3) the surety pays the reasonable cost of returning the defendant to the officer originally charged with defendant’s detention. LSA-C.Cr.P. art. 345(D).
In the present case, the defendant was arrested and incarcerated in Natchitoches Parish on April 23, 2014, which was the 180th day after the mailing of the notice of signing of the judgment of bond forfeiture. On April 25, 2014, the surety filed a motion to set aside the judgment of bond forfeiture and attached a letter from the Natchitoches Parish Sheriffs Office verifying defendant’s incarceration on April 23, 2014. The state’s exception of prescription alleged that the surety had failed to timely file its motion within the *813 applicable 180-day time period in which to produce the defendant. The court minutes show that the district court denied the exception of prescription and set aside the judgment of bond forfeiture after a hearing on May 13, 2014. We note that the record does not contain a transcript of that hearing.
Subsequently, at the hearing on the state’s motion for new trial, the state again urged that the surety’s motion to set aside the judgment of bond forfeiture was not timely filed. Noting the unique circumstance of defendant’s arrest on the 180th day after notice of the judgment was mailed, the court reasoned that adopting the state’s position would mean that the surety would actually have only 179 days in which to comply with the statute. The court found that under the factual situation of this case, the surety had substantially complied with the statute by promptly filing its motion after learning of the defendant’s incarceration.
In reaching this conclusion, the district court in effect granted the surety an extension of the initial time period in which to have the judgment of bond forfeiture set aside. LSA-C.Cr.P. art. 345(1) provides the district court with discretion to grant such an extension when a fortuitous event occurs to prevent the surety from acting to satisfy the judgment of bond forfeiture within the statutory time period. Based upon this record, we |4cannot say the district court erred in finding that the surety’s motion to set aside the judgment of bond forfeiture was timely filed under the particular facts of this case. The assignment of error lacks merit.
The state also contends the district court erred in setting aside the judgment of bond forfeiture. The state argues that the surety has failed to comply with the requirements of Article 345(D) because the record does not contain proof that the surety paid the transportation cost of returning the defendant to Bossier Parish.
Article 345(D) provides that a judgment of bond forfeiture is deemed satisfied if within 180 days after the judgment is signed the surety files summary proceedings, submits proof of defendant’s incarceration and pays the reasonable cost of returning defendant to the officer originally charged with defendant’s detention. State v. International Fidelity Ins. Co., 32,837 (La.App.2d Cir.3/1/00), 756 So.2d 565.
Here, the court minutes show that on April 30, 2013, the defendant appeared “via video” in open court in Bossier Parish. Thus, the record does not indicate that- any amount was incurred for defendant’s court appearance in Bossier Parish, which was originally charged with his detention. In addition, LSA-C.C.P. art. 1975 provides that the motion for new trial shall set forth the grounds upon which it is based. As the district court noted, the state did not include the ground of failure to pay transportation costs in its motion for new trial. Consequently, the issue was not properly presented to the district court and is not before this court on appeal.
Based upon this record, we cannot say the district court erred in |ssetting aside the judgment of bond forfeiture under the circumstances of this case. The assignment of error lacks merit.
CONCLUSION
For the foregoing reasons, the district court’s judgment is affirmed. Costs of appeal in the amount of $773 are assessed to the appellant, State of Louisiana, through the Bossier Parish District Attorney’s Office.
AFFIRMED.
*814 APPLICATION FOR REHEARING
Before WILLIAMS, STEWART, CARAWAY, DREW and GARRETT, JJ.
Rehearing denied.
CARAWAY, J., would grant rehearing.