DREW, J.
11 Christopher Charles Edwards (“Christopher”) appeals from a 2015 judgment of divorce, but only insofar as the judgment incorporates the provisions óf a 2014 judgment that dealt with support matters in favor of his former spouse, Kayla Nutzman Edwards (“Kayla”), and their minor child.
Christopher argues that the wholesale incorporation of all provisions of the 2014 judgment into the 2015 judgment was a mistake, in that:
• the parties never intended for it to be fully incorporated; and
• he specifically did not grant his consent for the incorporation.
Each party desires a divorce, and we will accommodate them.
Christopher did not file a motion for á new trial on the incorporation issue. He did, however, reserve his right to file a petition for nullity as to issues extraneous to the divorce itself. We conclude that this record is too sparse for us to render an equitable decision relative to the incorporated matters. A direct appeal on .this record[1] is a blunt'tool by which to achieve justice. We need a full record before us.
If thé parties arid their current counsel cannot agree on an omnibus Solution to these many spinning tops, the next best thing is to afford Christopher an opportunity to file his petition for nullity and allow the trial court an opportunity to provide us some guidance as to its appreciation of the allegations made therein.
Accordingly, we affirm the divorce. We return all other matters to the trial court for adjudication of any issues properly before the court.
' | ¿FACTS
Christopher, and Kayla were married in September 1999 in Hawaii and subsequently moved to Ouachita Parish. They had one child, Charles, born in November 2005.
In January 2014, Kayla filed a petition for an La. C.C. art. 102 divorce. She asked the trial court to award the parties joint custody of the child and also to award her child support and temporary periodic spousal support. She further asked for use of the family home and of a 2014 Mazda.
Meanwhile, the parties commenced’ negotiations that are memorialized in correspondence from April 2014. That correspondence, attached to a pleading filed later in the case, says that “the agreement will be revisited in August of 2014.” In a section of the correspondence labeled “Interim Spousal Support,” Christopher agreed to pay Kayla the amount of $2,000 per month beginning May 1, 2014', and he further agreed “to provide a demonstrator vehicle for Kayla, with insurance and a fuel card.”
*700 After a hearing officer conference, in September 2014 the judge signed a judgment “after stipulation” incorporating numerous orders: :
• Christopher was to pay Kayla child support in the amount of $3,000 per .month;
• Christopher was to pay the expenses for the child’s tutor, counseling, tuition, insurance, and continue the child’s college fund;
• Christopher was to maintain medical insurance on Kayla “through final divorce”;
⅜« Christopher was to “provide a demonstrator vehicle for Kayla ... with insurance and a fuel card”;[1]
• Christopher was ordered to pay Kayla half of any withdrawal from savings;
• Christopher was to let Kayla stay on his country club membership “pending a partition of the community property”;[2]
• The parties were to split any 2014 tax ■ return; and
• Finally, the court ordered the termination of the community!
In October 2014, the parties waived their, rights to seek any permanent spousal support from one another.
In March 2015, Kayla filed a motion for judgment of divorce, seeking, in part:
Petitioner further desires that the provisions of the Judgment filed in this proceeding on September 3, 2014, be Incorporated in the Judgment of Divorce.
On March 27, 2015, the judge signed an order that directed Christopher to appear and show cause why, among other things, there should not be a judgment of divorce incorporating the provisions of the September 2014 judgment. .
'"Iff April 2015, Christopher filed a motion to reduce the child support payment, stating that his income had decreased and could not support the current amount of child support.
On May 4, 2015, Kayla’s lawyer appeared before the judge and prayed for judgment, and the-judge said that he was granting the divorce and |4“the other provisions that are contained in the written judgment presented to me this day.” The judge signed a judgment that was “approved as to form” by both parties’ lawyers; in addition to-granting the parties a divorce, the judgment said:
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the provisions of the Judgment filed in this proceeding on September 3, 2014, are incorporated herein'by reference.
On May 12, 2015, Christopher filed a motion for contempt of court against Kayla, arguing that Kayla had. refused to return the dem.onstrator vehicle that she had been provided under the September 2014 judgment. Christopher argued that Kayla had waived any right to final spousal sup-. port and that the demonstrator vehicle was “providéd as a part of interim support.”
In June 2015, Christopher filed a supplemental motion for a reduction in child support, arguing that to the extent the May 2015 judgment made the September 2014 support order permanent, support should be reduced “as it is not reflective of the parties’ respective income and Mover is not able to maintain said level of support.” *701 Christopher also argued that to the extent the May 2015 judgment was an agreement, the agreement was void for lack of consent, and he reserved his right to seek nullification of the May 2015 judgment insofar as it adopted the September 2014 judgment. Christopher also filed a supplemental motion for contempt, expanding his argument that Kayla was not entitled to keep the demonstrator car, and the dealership/corporation sought to intervene. In June 2015, Christopher secured the services of a new attorney.
| sKayla responded to Christopher’s motions to reduce child support with an exception of no cause of action, arguing that there had ‘been no material changes in circumstances since the support order.
Christopher appealed from the May 2015 judgment; he did not file a motion for new trial or any similar post-judgment motion.
In the meantime, a hearing officer recommended that Christopher’s’ motion to reduce- child support be denied. The trial court adopted that recommendation temporarily but put off a final determination of the contempt matter and the reduction of child support pending the outcome of this appeal.[3]
On appeal, Christopher argues:
• The judgment of divorce was a nullity to the extent that it makes the September 2014 judgment permanent in nature;
• The parties contemplated a written document in their settlement agreement, and such a document must be signed by both parties;
• Christopher did not sign the May 2015 judgment of divorce;
• The parties do’ not dispute that the September 2014 ' judgment made Christopher’s financial obligations “temporary in nature until these matters proceeded through the Hearing Officer Conference system and/or partition of community property, neither of which has occurred”;
• Christopher never agreed to make the child support or vehicle a permanent obligation; and
• Christopher’s attorney had no express authority to bind liim to such an agreement.
lain response, Kayla argues:
• Kayla’s petition for a divorce asked the court tp incorporate the September 2014 judgment into the final judgment of divorce;
• That petition ’was served on Christopher’s attorney;
• Counsel for both parties -approved the May 2015 judgment;
• Christopher’s consent to the May 2015 judgment was not required because the matter was set for a rule to show cause and the court rendered judg- , ment in favor of Kayla; and
• “Mr. Edwards’ argument that the judgment of divorce made the provisions of the consent judgment permanent is in error. In fact, these issues are currently set for hearing on Mr. Edwards’ motions seeking a reduction in .child support, contempt and other relief,”
In reply, Christopher argues:
*702 • To the extent that the final judgment of divorce incorporated the September 2014 judgment, his consent was necessary, and without his consent, the judgment is an absolute nullity;
• Because the judgment of divorce is on . appeal, the trial court has no authority to modify that judgment on its own;
• The issue on appeal is not the possibility of a future modification ■ but the propriety of incorporating the September 2014 judgment into the judgment of divorce.
DISCUSSION
In a case where a party believes that the language of the judgment contains an obvious mistake, a motion for new trial is the usual procedural vehicle-used to seek correction of the error. Such a motion would have timely brought the alleged errors to the attention of the trial court while that court still had jurisdiction to correct any alleged errors. La. C.C.P. art. 1973. Nevertheless, the record as it now stands would be inadequate for us |7to adequately review even that issue had it been presented in a motion for new trial.
Christopher did take this appeal. We have broad authority to correct errors by the trial court that are evident from the appellate record. According to La. C.C.P. art. 2164:
The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. The court may award damages, including attorney fees, for frivolous appeal or application for writs, and may tax the costs of the lower or appellate court, or any part thereof, against any party to the suit, as in its judgment may be considered equitable.
In this case, however, we believe that “the record on appeal” is insufficient to allow this court to conduct meaningful review of the question of whether the 2015 judgment was a nullity for the grounds asserted by Christopher. Resolution of that question in a way that does substantial justice will require an initial determination of all issues by the trial court, an opportunity it has not yet had.
 We conclude that the appropriate remedy for Christopher’s complaints about the 2015 judgment is an action of nullity. In Belle Pass Terminal, Inc. v. Jolin, Inc., 2001-0149 (La.10/16/01), 800 So.2d 762, 766, on reh’g in part (12/7/01), the Supreme Court explained:
According to La.Cpde Civ. P. art. 2Q04, any final judgment obtained by fraud or ill practices may be annulled. However, the article is not limited to cases of actual fraud or intentional wrongdoing, but is sufficiéntly broad to encompass all situations wherein a judgment is rendered through some improper practice or procedure. Kem Search v. Sheffield, 434 So.2d.1067 (La.1983). It is imperative that courts review a petition for nullity closely as an action - for. nullity based on fraud or ill practices is not intended as a substitute for an appeal or as a second, chance to prove a claim that was previously denied for failure of proof. The purpose of an faction for nullity is to prevent injustice which cannot be corrected through new trials and appeals. Gladstone v. American Auto. Ass’n, Inc., 419 So.2d 1219, 1222 (La. 1982), citing Project of Louisiana Code of Practice of 1825 at 97 (Official Reprint, 1938).
Further, as the Court elaborated upon in Kem Search, supra:
Thus, the article is not limited to cases of actual fraud or intentional wrongdoing, but' is sufficiently broad to encompass all situations wherein a judgment is rendered-through some improper prac *703 tice or procedure which operates, even innocently, , to deprive the party cast in judgment of some legal right, and where the enforcement of the judgment would be unconscionable and inequitable.
Certainly an action of nullity is not a substitute for a defense on the merits or an appeal, Smith v. Cajun Insulation, Inc., 392 So.2d 398 (La.1980); State v. Bailey, 567 So.2d 721 (La.App. 2d Cir. 1990). An appeal is not a substitute for an action of nullity when the grounds for the alleged nullity are unclear from the record or when the issues have not been decided by the trial court. As this court said in Johnston v. Smith, 284 So.2d 149, 153 (La.App. 2d Cir.1973):
The action of nullity as provided in LSA-C.C.P. Art. 2004 is independent of the remedy by appeal; and while it is not a substitute for an appeal, its purpose is to furnish relief ag;ainst fraud or ill practices which have operated in the obtention of a judgment which makes no appearance in the record and for which an appeal would afford no relief.
We cannot treat any of the trial court’s rulings in this record as a ruling on an action for nullity because no such action has been filed. Indeed, the record before us does not contain any ruling concerning the propriety of incorporating the entirety of the 2014 judgment into the' 2015 judgment, since the plain language of the 2014 judgment signifies that some U,provisions were intended to dissolve upon the rendition of the final judgment of divorce or partition of the community.
Only the 2015 judgment itself is before this court on appeal, and the appellant has not demonstrated on this record[4] reversible error in the rendition of that judgment,[5] relative to the judgment of divorce.
All costs of this appeal shall be assessed against Christopher Charles Edwards, whose inattention to detail, whether personal or derivative, caused this confusion and totally obfuscated this record.
DECREE
With costs of this appeal assessed to Christopher Charles Edwards, the judgment of divorce is AFFIRMED.
All other issues are REMANDED to the trial court for further disposition."[6]

. Christopher is president of a corporation that owns a car dealership. If he cannot get his ex-wife[1] an insured demonstrator vehicle from the dealership, does that mean he escapes that obligation, or does it mean that he mu§t provide her with adequate transportation and insurance in another manner? This is a decision for the trial court.

. The community has-now been partitioned.

. We invite the trial court to address these and the other related issues to come before it, but only after any action for nullity is' resolved. We note no wording in the judgments) designating the $3,000-per month as final support for the child. See La. C.C. art. 141. We also do not see any application of La. R.S. 9:315, et seq., in arriving at this figure.

. This record does show that the appellant is presently pursuing in the trial court a reduction in the child support award and modification of the other more onérous provisions in the 2015 judgment.

. With that said, we express no opinion about the likelihood of success of a nullity action by Christopher should he choose to file one.

.Depending upon its ruling as to any nullity • issue that may arise, the trial court may or ■ may not deem it appropriate to dispose of other matters being held in abeyance, in deference to our appellate jurisdiction, which now ends, at least for the present.