FRED W. JONES, Jr., Judge.
Although the underlying action in this case involves a criminal charge against Booth, this appeal involves solely an effort by Booth's bondsman to avoid paying the amount ordered forfeited when Booth failed to appear in court as required.
In April 1988 Booth posted a $25,000 criminal appearance bond through Larry Allen of National Bonding Company, attorney-in-fact for International Fidelity Insurance Company, Inc. Booth failed to appear for her arraignment in May 1988. The assistant district attorney offered into evidence the notices to the defendant and the bondsman. Allen’s power of attorney authorizing him to act on behalf of the corporate surety and the original bond. The trial court ordered the bond forfeited.
The defendant and the sureties were notified of the forfeiture. A demand for payment of the judgment of forfeiture was made on the sureties 60 days after the judgment was recorded. The sureties did not pay.
Approximately four months later, in November, the sureties, International Fidelity Insurance Company, Inc., and Jim Nobles d/b/a AAA National Bonding Company, filed a “motion to annul judgment of bond forfeiture” based on the unsupported assertion that Booth was then in Illinois and authorities there would not permit her to return to Louisiana. The motion was denied because there was no showing made of Booth’s incarceration on the date set for her arraignment in Louisiana and because she had not appeared within six months of mailing of the bond forfeiture notice.
In March 1989 the sureties moved for a new trial on the bond forfeiture. At the hearing on the motion for new trial, the sureties did not present any evidence or argument. The motion was denied.
On appeal, the sureties argue the original bond forfeiture judgment was null because the documents offered by the State weren’t authenticated. This issue was neither argued nor briefed to the trial court.
Since the trial court issue of Booth’s location on the date set for arraignment was specifically abandoned by appellate counsel at oral argument, we need not address it.
We also note that La.C.C.P. Article 2006 requires an action to annul a judgment must be brought in the trial court. The grounds asserted on appeal to support the nullity claim were never presented to the trial court. Furthermore, as we have pointed out, the argument on appeal that the forfeiture judgment was null because of insufficient evidence was neither pleaded in the trial court nor raised in any manner in that forum. Consequently, appellants are precluded from raising the issue on appeal. Poirier v. National Union Fire Insurance Company, 517 So.2d 225 (La.App. 1st Cir.1987); Lutz v. Jefferson Parish School Board, 503 So.2d 106 (La.App. 5th Cir.1987). Accordingly, we note that the issue newly asserted on appeal is beyond the scope of appellate review. However, in the interest of judicial economy, the merits of this assignment will be reviewed.
*1085 At the outset, we recognize that motions for bond forfeiture frequently and routinely are granted merely upon oral motion. This is in conformity with La.R.S. 15:85A(1) which provides for bond forfeiture when the defendant fails to appear and answer when called, and upon the court’s hearing of proper evidence, including notice to the defendant and the surety or its agent or bondsman. The sureties argue that “proper evidence” means all the documentary evidence must be in authentic form and must be introduced into evidence through a witness who can testify as to the genuineness thereof before a judgment of forfeiture can be taken. The sureties do not cite any authority which supports this contention.
In fact, that argument ignores La.C. Cr.P. Article 331 which sets forth the only legislatively mandated requisites for a valid bail undertaking and which specifies that if those requisites are met any defect of form shall not bar or defeat a judgment of forfeiture. Here, the requirements of Article 331 were met: the bond was in writing; it informed the defendant when and where to appear; it was entered into before an officer authorized to take it, i.e. the sheriff; and it stated the amount of bail.
Although bail forfeiture is in the nature of a civil action it is not solely governed by the rules of civil procedure. The purpose of bail is to assure a defendant’s appearance without placing an unnecessary burden on him. On the other hand, reasonable safeguards must be imposed to avoid delays incidental to the failure of defendants to appear. Bail is designed to meet these needs. See Preliminary Statement to La.C. Cr.P. Title VIII “Bail”.
La.R.S. 15:85 recognizes this by providing that in exchange for the defendant’s obtaining bail from a compensated surety, the surety agrees that if its guaranty of defendant’s appearance is not fulfilled, it forfeits the amount set.
The appellants, in effect, are asking this court to amend the statutory requirements for a valid bail undertaking. This is the prerogative of the legislature.
The bail undertaking in this matter was in proper form. Defendant failed to appear. The trial court heard proper evidence including the requisite notice. The trial court’s judgment of bond forfeiture was correct as a matter of law.
For the foregoing reasons, the judgment of the trial court is AFFIRMED. All costs are assessed to appellants.