IxBROWN, Judge.
Sidney Wafer, charged with D.W.I., failed to appear for trial on January 31, 1992. Wafer’s $1,400 appearance bond was ordered forfeit. Thereafter, on March 16, 1992, a judgment of bond forfeiture was signed against Wafer and his surety, Red-E-Bond and American Bonding Company. On March *570 18, 1992, the clerk of court sent by certified mail notice of the judgment to all parties.
On August 14, 1994, over two years later, American Bonding Co. filed a petition to nullify the judgment and release the surety. The petition was summarily heard on August 29, 1994, and was rejected. American sus-pensively appealed. We affirm.

DISCUSSION

On appeal, American has asserted three assignments of error. However, two of these issues, whether the state introduced proper evidence to support a judgment of forfeiture and alleged prejudice caused by the delay between the state’s motion for forfeiture (January 31) and the rendering of the judgment of forfeiture (March 16), have been raised for the first time on appeal.
LSA-C.C.P. Art. 2006 requires that an action to annul a judgment be brought in the trial court. American’s contentions that the forfeiture judgment is null because of insufficient evidence and delay between motion and judgment of forfeiture were neither pleaded in the trial court nor raised in any manner in that forum. Thus, appellant is precluded from raising these issues on appeal. See State v. Booth, 557 So.2d 1083 (La.App. 2d Cir.1990), writ denied, 565 So.2d 439 (La.1990).[1]
| ¾American’s remaining assignment of error concerns whether the bail undertaking was entered into in accordance with LSA-C.Cr.P. Art. 327, which provides in part:[2]
A. The bail undertaking shall:
(1) Be in writing.
(2) State the court before which the defendant is bound to appear.
(3) Be entered into before an officer who is authorized to take it.
(4) State the amount of the bail.
American contends that the bail undertaking was not entered into before an officer who was authorized to take it. This argument is based upon the fact that the bond form used by the Webster Parish Sheriffs Office contains an affidavit indicating that the sheriff witnessed the bond undertaking and a blank to be filled in reflecting the bond’s approval by the sheriff. American asserts that an “unknown person” signed the appearance bond as a witness and that the requirement set forth in C.Cr.P. Art. 327(A)(3) was thus not met.
In the trial court, the state noted that Webster Parish Sheriffs Deputy Davis signed the bond undertaking as a witness and urged that his signature was sufficient as the bond was a contract between the bonding company and the defendant. Further, the state urged that all Webster Parish deputies have the authority to act on the sheriffs behalf in witnessing and taking bail obligations; the sheriff is not actually required to sign a contract of bail.
In the instant case, we find the legal requirement that the bail undertaking must be entered into before an authorized officer is a provision | ¡¡enacted in the interest of and for the protection of the State of Louisiana. Article 327 of the Code of Criminal Procedure does not require that an officer actually sign the bond undertaking; however, by having the bond contract executed before an officer of the state, there will be a witness who can, if necessary, testify in future proceedings concerning the execution of *571 the bail undertaking. See State v. Myers, 221 La. 173, 59 So.2d 111 (1952).
In this case, American is not assailing the signature of either the principal or the surety. Nor is there any question concerning the amount of the bond, the appearance date, the charge against the defendant, the date of the bond, etc. It is obvious that the defendant would not have been released had the Webster Parish Sheriffs Office not accepted American’s bail undertaking. We do not find Deputy Davis’s signature on the bond contract to be the signature of an “unknown person.”
The nullity action in this case was brought by American, who had the burden of proving the lack of any of the requisites of a valid bail undertaking. American did not establish that Deputy Davis was not authorized. Reason dictates that a deputy sheriff, rather than the sheriff, would be the party before whom most bail undertakings are executed. It would be illogical that a deputy, before whom a bond is executed and who in fact signed the bond as a witness, would not have the authority to accept the bail obligation.
We also note subsection (B) of C.Cr.P. Art. 327, which provides in part:
[A] person shall not be discharged from his bail undertaking, nor shall a judgment of forfeiture be stayed, set aside, or reversed, nor the collection of any such judgment be barred or defeated by reason of any defect of form, omission of a recital, or of a condition of the undertaking, by reason of a failure to note or record the default of any defendant or surety, or because of any other irregularity.
We find American’s argument to be without merit.

JCONCLUSION

The trial court did not err in refusing to set aside the forfeiture judgment. We AFFIRM. Costs are assessed to appellant, American Bonding Company.

. We note that neither of these assignments of error urge that the judgment of forfeiture is invalid because of a vice of form as provided for by LSA-C.C.P. Art. 2002. Thus, appellant is precluded from attacking the forfeiture judgment by the clear import of LSA-R.S. 15:85(6), which provides for a sixty day period in which the judgment of forfeiture can be assailed on grounds other than vice of form.
We also note at the closing of argument on the petition for nullity, counsel for American Bonding Co. offered the entire record and asked the court to take judicial notice of all documents therein. The power of attorney, notice of appearance, minutes and bond undertaking form were included among these documents. Under LSA-R.S. 15:85, these documents are all that is required for a judgment of forfeiture.

. The legislature, in Acts 1993, No. 834, Sec. 1, revised Title VIII of the Louisiana Code of Criminal Procedure by amending and reenacting Articles 312 to 343 and enacting Articles 344 to 348. Article 327 reproduces, with minor changes, the provisions formerly found in LSA-C.Cr.P. Art. 331.