JOY COSSICH LOBRANO, Judge.
|2The State seeks review of the trial court’s June 10, 2015, denial of its request for the issuance of an alias capias. For the following reasons, we grant the writ and reverse the trial court’s ruling.
On June 24, 2010 the State filed a bill of information charging Defendant with possession of marijuana, first offense.. On July 21, 2010, Defendant appeared for arraignment, and defense counsel filed a motion to quash, which the trial court granted. The State objected and filed a written motion for appeal.
Hearings on appeal status were set and reset. On February 11, 2011 the State was not sure if the appeal record had been lodged; the court granted a continuance on the State’s oral motion. Hearings on appeal status again were set and reset. According to the September 17, 2013 docket master entry, the court took notice that the section was closed on a date for the appeal status, and afterward the case fell off the court’s docket. On September 18, 2013 the State’s appeal of this fourth class case was allotted to a three-judge panel. A hearing on the appeal before.the panel was set and reset. On June 19, 2014, defense counsel appeared without the defendant; he was in custody and not trans *1022 ported to court. The defendant did not appear for hearings in July 2014 and October 2014. On October 27, 2014, the defendant and his counsel appeared; the panel remanded the ^matter to Section D for a hearing on the motion to quash so that argument could be scheduled. The defense objected. On October 30, 2014, November 20, 2014, and December 12, 2014, the defendant did not appear for appeal status.
On January 6, 2015, the defendant again appeared for arraignment and pleaded not guilty. On January 22, 2015, Defendant, with counsel, appeared for a pretrial conference. Trial and a hearing on motions were set for February 5, 2015 but Defendant appeared without counsel. Trial was re-set for April 10, 2015. On that date, Defendant appeared with counsel, and the matter was continued to April 17, 2015 on the defense’s motion. On that date, the defendant did not appear,[1] and trial was continued to June 10, 2015; notice of that June 10th date was sent to the defendant. On June 10, 2015, the defendant did not appear, and the State made an oral motion for the court to issue an alias capias for the defendant’s arrest. The trial court denied the State’s motion, and the State objected and filed a written notice of its intent to seek supervisory review. The court set a return date on July 10, 2015, and the matter was continued without date. The State filed its writ application on July 6, 2015.
The State argues that the trial court abused its discretion by denying the State’s request that an alias capias be issued. The State asserts that the defendant was in court on April 17, 2015 and was given a subpoena for the June 10, 2015 hearing/trial date. At the hearing, defense counsel did not deny this fact.
DLa.C.Cr.P. art. 349.1 provides; “If at the time fixed for appearance the defendant fails to appear as required by the court, the judge may, or shall on motion of the prosecuting attorney, issue a warrant for the arrest of the defendant.”
At the June 10, 2015 hearing, defense counsel stated that the defendant had been served to be in court on that date, but he had not appeared. Counsel set out the background of the case. She stated that in 2008 she handled the defendant’s case as a public defender[2]; the defendant went into the diversion program and was “kicked out.” Counsel said that she filed a motion to quash, which Judge Marullo granted in 2009.[3] Judge Calvin Johnson, who was sitting ad hoc in Section D on June 10, 2015, asked if this case involved a first offense possession of marijuana, and counsel answered affirmatively. Counsel stated: “And, the reason why I am giving you this history is that I just want you to be able to know so we can talk about the possibility of dismissing this case with the D.A.” Defense counsel said:
*1023 So, I just want to make the record, Judge.
Once it [the case] was returned [after appeal], it was returned not to overturn the Quash, but it was returned to have a hearing on the Motion to Quash.
They found that Judge Marullo should have had a hearing. At which time, the D.A. at the time, me, and Judge Marullo said that we would just set it for trial.
Mr. Pittman, since that time, since 2008 has not been arrested for any other crimes. He was here in April. He was served. The number that he has on his service, I tried to call. He has no bond obligation. The number is out of order. I have no way to get in touch with Mr. Pittman because for five years I have been out of communication with him, and he is not here today. And |SI did try to get him, but this is a marijuana first from 2008.
The trial court then stated:
I want to hear from them.
Tell me something.
I double dare you.
Go ahead and tell me something.
Tell me something.
I’m listening.
The Assistant District Attorney (ADA) said that she was prepared for trial that day. The court said: “Me too.” The second ADA asked for “the issuance of an alias capias, noting that there is no bond to forfeit.” The court asked if the ADA was suggesting having some law enforcement officer somewhere in America find the defendant, arrest him, transport him back to New Orleans, and “then we go forward with on [sic] whether in fact something in fact should have happened with a possession of marijuana case from 2008, instead of simply dismissing it?” The court stated:
I suggest that the D.A.’s Office dismiss it.
Dismiss it.
Now, if there is, in fact, something else that Mr. Pittman has done, but she has said he has done nothing, but if there is something else that the man has done, then maybe there is something else that this Court can do, then we will do that. But if that is all that it is, since the Governor next week is going to sign a new piece of legislation saying in essence that [sic] no longer comes to this building. No longer comes.
So, I suggest, D.A., dismiss the case.
Dismiss it.
I am not setting it for anything.
I am not going to set this case again for anything,
And, if you all chose [sic] to do so, you all can chose [sic] to do so without me.
I am not doing it.
|fiFor nothing.
I’m not setting it, period. For anything.
The ADA for the record asked if the court was not going to issue an alias capi-as. The trial court stated: “I am not issuing a capias for the man’s arrest. No, I am not.” The court then continued the matter without date.
La.C.Cr.P. art. 849.1 provides that a trial court “shall” issue a warrant for a defendant’s arrest on the motion of the prosecuting attorney. In the case sub judice, the ADA asked that the trial court issue an alias capias when the defendant failed to appear on June 10, 2015 after being informed by defense counsel that Defendant had been served with the date of hearing/trial, and it does not appear that the trial court had the discretion to deny the State’s motion/request.[4] Accordingly,
We grant the State’s writ, reverse the trial court’s decision denying the State’s *1024 request for an alias capias and remand the matter for further proceedings.
WRIT GRANTED; JUDGMENT REVERSED
LANDRIEU, J., concurs with reasons.
JENKINS, J., dissents.

. The State mistakenly indicates that the defendant appeared on April 17, 2015. Actually the docket master indicates that he did not appear that date, but subpoenas were issued to him for the dates of April 17, 2015 and June 10, 2015; receipts for service were attached by the State to its writ.

. Review of the docket master in the defendant's 2008 case for possession of marijuana first offense (480-833) establishes that the charge was nolle prosequied on March 23, 2009. The magistrate number for case 480-833 and this case, 497-892, is 493791, according to criminal district court inmate records and docket masters.

.This case began in June 2010; however, a motion to quash was filed and granted on July 21, 2010. Perhaps defense counsel was mistaken about the year when the motion to quash was granted. The earlier case 480-833 M2 does not indicate that a motion to quash was filed.

. The trial court also did not have the authority to order the State to dismiss the case.