STATE OF LOUISIANA

VERSUS

LACORIDO RANDY JOSEPH

NO. 22-K-202

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

*Susan S. Buchholz*
Susan S. Buchholz
First Deputy, Clerk of Court

May 24, 2022

Susan Buchholz
First Deputy Clerk

**IN RE** STATE OF LOUISIANA

**APPLYING FOR** SUPERVISORY WRIT FROM THE FORTIETH JUDICIAL DISTRICT COURT, PARISH OF ST JOHN THE BAPTIST, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE VERCELL FIFFIE, DIVISION "A", NUMBER 22,66817

Panel composed of Judges Fredericka Homberg Wicker,
Marc E. Johnson, and Hans J. Liljeberg

**WRIT GRANTED**

Relator, State of Louisiana, seeks review of the trial court's April 11, 2022 denial of its request for the issuance of a bench warrant for Defendant, Lacorido Randy Joseph, in accordance with La. C.Cr.P. art. 333.

On January 13, 2022, a commercial surety bond in the amount of $3,500 was posted by Gail Schnyder Bail Bonds to insure Defendant's appearance in court on Monday, April 11, 2022 at 9:00 a.m. After the bailiff sounded the hall at court on the morning of April 11th, the State requested a bench warrant in accordance with La. C.Cr.P. art. 333. The trial court denied the State's request and, instead, issued an attachment with a return date of May 9, 2022. The court reasoned that there was uncertainty as to whether Sgt. V. Johnson was actually an ex-officio notary and whether the law allowed for a deputy to execute the appearance bail bond as a notary.[1] The State objected to the trial court's ruling.

The State argues in its writ application that the trial court erred in refusing to issue the arrest warrant after the requirements pursuant to La. C.Cr.P. art 333 were met, and the trial court abused its discretion by issuing an attachment, instead of a warrant, as mandated by La. C.Cr.P. art 333. We agree.

La. C.Cr.P. art. 328 provides,

A. The bail undertaking shall:

---

[1] On the "Appearance Bail Bond" form included with the writ application, Sgt. V. Johnson witnessed the execution of the bail undertaking "[s]worn to and subscribed before [him], an officer authorized to take bail undertakings," by affixing his signature on the bail form line above the preprinted phrase "Ex Officio Notary/Deputy Sgt. V. Johnson."

(1) Be in writing.

(2) State the court before which the defendant is bound to appear.

*(3) Be entered into before an officer who is authorized to take it.*

(4) State a single amount of bail for each charge.

B. The bail undertaking shall be enforceable if the above requirements are met; and no officer may refuse to accept the posting of a bail undertaking and releasing a defendant on bail if the conditions set by this Title are met. *A person shall not be discharged from his bail undertaking, nor shall a judgment of forfeiture be stayed, set aside, or reversed, nor the collection of any such judgment be barred or defeated by reason of any defect of form, omission of a recital, or of a condition of the undertaking, by reason of a failure to note or record the default of any defendant or surety, or because of any other irregularity.* The bail undertaking shall run, subject to the provisions of Article 626, in favor of the state of Louisiana, or the city or parish whose ordinance is charged to have been violated, with the proceeds to be disposed of according to law. No error, inaccuracy, or omission in naming the obligee on the bail undertaking is a defense to an action thereon. (Emphasis added).

Further, La. R.S. 13:5564[2] authorizes the sheriff, notwithstanding any provisions of the law relative to qualifications of notaries public, to designate one deputy per shift for each office location and appoint them as ex officio notaries public. The appointed deputy can serve as an ex officio notary public until the sheriff chooses to suspend or terminate their appointment, or until the appointment is automatically terminated by severance.

La. R.S. 13:5564 further provides,

The deputy so appointed may exercise, in the parish which the sheriff serves, the functions of a notary public only to administer oaths and execute affidavits, acknowledgments, and other documents, all limited to matters within the official functions of the office of sheriff, for the enforcement of any statute which provides for criminal penalties, any parish ordinance which the sheriff is charged with enforcing, and any affidavit required for the enforcement of R.S. 32:661 through 669, and

---

[2] La. R.S. 13:5564 states,

A. Notwithstanding any provisions of the law relative to qualifications for notaries public, each sheriff may designate one deputy per shift for each office location and appoint them as ex officio notaries public.

B. (1) The deputy so appointed may exercise, in the parish which the sheriff serves, the functions of a notary public only to administer oaths and execute affidavits, acknowledgments, and other documents, all limited to matters within the official functions of the office of sheriff, for the enforcement of any statute which provides for criminal penalties, any parish ordinance which the sheriff is charged with enforcing, and any affidavit required for the enforcement of R.S. 32:661 through 669, and to execute property bonds. For each such action the notary shall use the official seal of that respective sheriff's office.

(2) He shall fulfill the same bond requirements as provided by law for notaries in the parish which the sheriff serves.

(3) The sheriff shall pay as an expense of his office the costs of the notarial seal, the notarial bond, and any fees required for filing the bond.

C. All acts performed by such an ex officio notary public authorized by this Section shall be performed without charge or other compensation.

D. The sheriff may suspend or terminate an appointment made pursuant to this Section at any time, and separation from the employ of the sheriff shall automatically terminate the powers of such an ex officio notary public.

to execute property bonds. For each such action the notary shall use the official seal of that respective sheriff's office.

Finally, La. C.Cr.P. art 333 provides:

If at the time fixed for appearance the defendant, who was properly noticed, fails to appear as required by the court, the court *shall*, on its own motion or *on motion of the prosecuting attorney, immediately issue a warrant for the arrest of the defendant*. (Emphasis added).

In *State v. Wafer*, 27,433 (La. App. 2 Cir. 9/27/95); 661 So.2d 569, 571, the appellate court refused to set aside a bond forfeiture judgment at the request of the bond company, who challenged the validity of an appearance bond on the basis that a deputy signed the affidavit that declared that the sheriff witnessed the bond undertaking. The Second Circuit found:

[T]he legal requirement that the bail undertaking must be entered into before an authorized officer is provision enacted in the interest of and for the protection of the State of Louisiana. Article [328][3] of the Code of Criminal Procedure does not require that an officer actually sign the bond undertaking; however, by having the bond contract executed before an officer of the state, there will be a witness who can, if necessary, testify in future proceedings concerning the execution of the bail undertaking.

* * *

Reason dictates that a deputy sheriff, rather than the sheriff, would be the party before whom most bail undertakings are executed. It would be illogical that a deputy, before whom a bond is executed and who in fact signed the bond as a witness, would not have the authority to accept the bail obligation.

*Id*.

Upon review of the writ application and the applicable law, we find that Sgt. V. Johnson was authorized to witness the execution of the bond as an ex officio notary public, and Defendant received proper notice by way of a validly executed bail undertaking documented using St. John the Baptist Parish's pre-printed Appearance Bail Bond form. If the deputy/ex officio notary public was required to

---

[3] La. C.Cr.P. art. 328 was previously enacted as La. C.C.P art. 327 (effective June 22, 1993 – August 15, 1999) and provided:

Art. 327. Requisites of the bail undertaking
A. The bail undertaking shall:
(1) Be in writing;
(2) State the court before which the defendant is bound to appear;
(3) Be entered into before an officer who is authorized to take it; and
(4) State the amount of the bail.
B. The bail undertaking shall be enforceable if the above requirements are met; and a person shall not be discharged from his bail undertaking, nor shall a judgment of forfeiture be stayed, set aside or reversed, or the collection of any such judgment be barred or defeated by reason of any defect of form, omission of a recital or of a condition of the undertaking, by reason of a failure to note or record the default of any defendant or surety, or because of any other irregularity.

list his full name, badge number[4] (in lieu of a notary number), and the expiration date of his commission as an ex officio notary public, then the failure to do so were irregularities—which did not relieve Defendant of his undertaking to appear in court on the date noticed on the form, according to La. C.Cr. P. art. 328.[5]

While we note the trial judge's reasons for denying the State's motion, we find that the judge is constrained by the plain language of La. C.Cr.P. art. 333, which mandates the issuance of an arrest warrant for a defendant who received proper notice of the time fixed for his appearance but failed to appear in court as required. Even the precursor statute of Article 333 in effect prior to 2017, La. C.Cr.P. art. 349.1[6], stated the court *shall* issue the arrest warrant upon the motion of the district attorney. (*See State v. Pittman*, 15-718 (La. App. 4 Cir. 8/26/15); 175 So.3d 1021, 1023–24, where a denial of the State's request for an *alias capias* for a defendant arrested in 2008 for possession of marijuana, who had not been arrested for several years, was reversed. The appellate court reasoned that the trial court did not have the discretion to deny the State's request). Because it was not permitted to exercise its discretion, we find that the trial court erred in failing to issue a warrant for the arrest of Defendant, as requested by the State.

Accordingly, the writ application is granted. The trial court is ordered to issue a warrant for the arrest of Defendant, as requested by the State, within seven days of the date this disposition is rendered.

Gretna, Louisiana, this 24th day of May, 2022.

**MEJ**
**FHW**
**HJL**

---

[4] *See*, La. R.S. 35:12(C), which provides:
No person other than a regularly commissioned notary public shall use the title "Notary Public." Every person, other than a regularly commissioned notary, who is otherwise given notarial powers or authorized as a notary ex officio, shall clearly indicate his actual position or title from which his authority to notarize is derived, in addition to his notary identification number.

[5] *See also*, La. C.Cr.P. art. 334 which provides in part, "The notice to the commercial surety shall include the power of attorney number used to execute the bail undertaking. Failure to include the power of attorney number shall not affect the validity or enforcement of a resulting judgment."

[6] La. C.Cr.P. art. 349.1 provided, "If at the time fixed for appearance the defendant fails to appear as required by the court, the judge may, or shall on motion of the prosecuting attorney, issue a warrant for the arrest of the defendant."

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
INTERIM CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN
TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS
DAY **05/24/2022** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF
THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY
COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**22-K-202**

### E-NOTIFIED
40th District Court (Clerk)
Honorable Vercell Fiffie (DISTRICT JUDGE)
Honorable Bridget A. Dinvaut (Relator)

### MAILED

Lacordio Randy Joseph  (Respondent)
In Proper Person
117 East 31st Street
Reserve, LA 70084

Jason M. Galjour (Relator)
Assistant District Attorney
Fortieth Judicial District
Post Office Box 99
Edgard, LA 70049

5/24/22



**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Jason M. Galjour
Assistant District Attorney
Fortieth Judicial District
Post Office Box 99
Edgard, LA 70049
22-K-200                    05-24-22

9590 9401 0083 5168 4398 00

2. Article Number *(Transfer from service label)*

7016 2070 0000 0954 6663

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X _____  ☐ Agent
                    ☐ Addressee

B. Received by *(Printed Name)*     C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, April 2015 PSN 7530-02-000-9053          Domestic Return Receipt

5/24/22

SENDER: *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Lacordio Randy Joseph , In Proper Person
117 East 31st Street
Reserve, LA 70084
22-K-202                    05-24-22

9590 9401 0083 5168 4398 86

2. Article Number *(Transfer from service label)*

7016 2070 0000 0954 6687

COMPLETE THIS SECTION ON DELIVERY

A. Signature

X _William of Joseph_                    ☐ Agent
                                         ☐ Addressee

B. Received by *(Printed Name)*          C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, April 2015 PSN 7530-02-000-9053          Domestic Return Receipt