STATE OF LOUISIANA                                  NO. 22-K-201

VERSUS                                              FIFTH CIRCUIT

FRANK D. LOZANO                                     COURT OF APPEAL

                                                   STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

*Susan S. Buchholz*
Susan S. Buchholz
First Deputy, Clerk of Court

                          May 24, 2022

                        Susan Buchholz
                        First Deputy Clerk


**IN RE** STATE OF LOUISIANA

---

**APPLYING FOR** SUPERVISORY WRIT FROM THE FORTIETH JUDICIAL DISTRICT COURT, PARISH OF ST JOHN THE BAPTIST, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE VERCELL FIFFIE, DIVISION "A", NUMBER 22,66826

---

                Panel composed of Judges Fredericka Homberg Wicker,
                    Marc E. Johnson, and Hans J. Liljeberg


**WRIT GRANTED**

Relator, State of Louisiana, seeks review of the 40th Judicial District Court's April 11, 2022 ruling issuing an attachment in lieu of a bench warrant for Defendant in Docket number 2022-MM-66826, State v. Frank Lozano.

On January 17, 2022, a commercial surety bond in the amount of $4,000 was posted by Branden Collins Bail Bonds to insure Defendant's appearance in court on Monday, April 11, 2022 at 9:00 am. After the bailiff sounded the hall at court that morning, the State requested a bench warrant in accordance with La. C.Cr.P. art. 333. On the Appearance Bail Bond form, included with the writ application, Sgt. B. Kennedy Jr. witnessed the execution of the bail undertaking "[s]worn to and subscribed before [him], an officer authorized take bail undertakings," and signed the appearance bail bond form above the preprinted phrase: "Ex Officio Notary/Deputy Sgt. B. Kennedy Jr". The court confirmed that the missed appearance was Defendant's first missed appearance, and then issued an attachment for Defendant over the State's objection, "not[ing] that the document does not meet the requirements of a notarized document being that his name is not printed, neither is his Notary I.D., nor the expiration date" and set the return date for May 9, 2022.

The State argues in its writ application that the trial court erred in refusing to issue the arrest warrant after the requirements pursuant to La. C.Cr.P. art 333 were met, and the trial court abused its discretion by issuing an attachment instead of a warrant as mandated by La. C.Cr.P. art 333. We agree. La. C.Cr.P. art. 328 provides:

A. The bail undertaking shall:

(1) Be in writing.

(2) State the court before which the defendant is bound to appear.

*(3) Be entered into before an officer who is authorized to take it.*

(4) State a single amount of bail for each charge.

B. The bail undertaking shall be enforceable if the above requirements are met; and no officer may refuse to accept the posting of a bail undertaking and releasing a defendant on bail if the conditions set by this Title are met. *A person shall not be discharged from his bail undertaking, nor shall a judgment of forfeiture be stayed, set aside, or reversed, nor the collection of any such judgment be barred or defeated by reason of any defect of form, omission of a recital, or of a condition of the undertaking, by reason of a failure to note or record the default of any defendant or surety, or because of any other irregularity.* The bail undertaking shall run, subject to the provisions of Article 626, in favor of the state of Louisiana, or the city or parish whose ordinance is charged to have been violated, with the proceeds to be disposed of according to law. No error, inaccuracy, or omission in naming the obligee on the bail undertaking is a defense to an action thereon. (Emphasis added).

Further, La. R.S. 13:5564[1] authorizes the sheriff, notwithstanding any provisions of the law relative to qualifications of notaries public, to designate one deputy per shift for each office location and appoint them as ex officio notaries public. The appointed deputy can serve as an ex officio notary public until the sheriff chooses to suspend or terminate their appointment, or until the appointment is automatically terminated by severance. "The deputy so appointed may exercise, in the parish which the sheriff serves, the functions of a notary public only to administer oaths and execute affidavits, acknowledgments, and other documents, all limited to matters within the official functions of the office of sheriff, for the enforcement of any statute which provides for criminal penalties, any parish ordinance which the sheriff is charged with enforcing, and any affidavit required for the enforcement of R.S. 32:661 through 669, and to execute property bonds. For each such action the notary shall use the official seal of that respective sheriff's office." La. R.S. 13:5564.

Finally, La. C.Cr.P. art 333 provides:

---

[1] La. R.S. 13:5564:

A. Notwithstanding any provisions of the law relative to qualifications for notaries public, each sheriff may designate one deputy per shift for each office location and appoint them as ex officio notaries public.

B. (1) The deputy so appointed may exercise, in the parish which the sheriff serves, the functions of a notary public only to administer oaths and execute affidavits, acknowledgments, and other documents, all limited to matters within the official functions of the office of sheriff, for the enforcement of any statute which provides for criminal penalties, any parish ordinance which the sheriff is charged with enforcing, and any affidavit required for the enforcement of R.S. 32:661 through 669, and to execute property bonds. For each such action the notary shall use the official seal of that respective sheriff's office.

(2) He shall fulfill the same bond requirements as provided by law for notaries in the parish which the sheriff serves.

(3) The sheriff shall pay as an expense of his office the costs of the notarial seal, the notarial bond, and any fees required for filing the bond.

C. All acts performed by such an ex officio notary public authorized by this Section shall be performed without charge or other compensation.

D. The sheriff may suspend or terminate an appointment made pursuant to this Section at any time, and separation from the employ of the sheriff shall automatically terminate the powers of such an ex officio notary public.

If at the time fixed for appearance the defendant, who was properly noticed, fails to appear as required by the court, the court *shall*, on its own motion or *on motion of the prosecuting attorney, immediately issue a warrant for the arrest of the defendant*. (Emphasis added)

In *State v. Wafer*, 27,433 (La. App. 2 Cir. 9/27/95); 661 So.2d 569, 571, the appellate court refused to set aside a bond forfeiture judgment at the request of the bond company, who challenged the validity of an appearance bond on the basis that a deputy signed the affidavit that declared that the sheriff witnessed the bond undertaking. The Second Circuit found:

[T]he legal requirement that the bail undertaking must be entered into before an authorized officer is provision enacted in the interest of and for the protection of the State of Louisiana. Article [328][2] of the Code of Criminal Procedure does not require that an officer actually sign the bond undertaking; however, by having the bond contract executed before an officer of the state, there will be a witness who can, if necessary, testify in future proceedings concerning the execution of the bail undertaking.

[* * *]

Reason dictates that a deputy sheriff, rather than the sheriff, would be the party before whom most bail undertakings are executed. It would be illogical that a deputy, before whom a bond is executed and who in fact signed the bond as a witness, would not have the authority to accept the bail obligation.

*State v. Wafer*, *supra*.

Upon review of the writ application and the applicable law, we find that Deputy Thomas was authorized to witness the execution of the bond as an ex officio notary public, and Defendant received proper notice by way of a validly executed bail undertaking documented using St. John the Baptist Parish's pre-printed Appearance Bail Bond form. If the deputy/ex officio notary public was required to list his full name, badge number[3] (in lieu of a notary number), and the expiration date of his commission as an ex officio notary public, then the failure to

---

[2] La. C.Cr.P. art. 328 (with the exception of the portions of subparagraph B that are not highlighted) was previously enacted as La. C.Cr.P. art. 327 (effective June 22, 1993 – August 15, 1999):

Art. 327. Requisites of the bail undertaking
A. The bail undertaking shall:
(1) Be in writing;
(2) State the court before which the defendant is bound to appear;
(3) Be entered into before an officer who is authorized to take it; and
(4) State the amount of the bail.
B. The bail undertaking shall be enforceable if the above requirements are met; and a person shall not be discharged from his bail undertaking, nor shall a judgment of forfeiture be stayed, set aside or reversed, or the collection of any such judgment be barred or defeated by reason of any defect of form, omission of a recital or of a condition of the undertaking, by reason of a failure to note or record the default of any defendant or surety, or because of any other irregularity."

[3] See La. R.S. 35:12(C): No person other than a regularly commissioned notary public shall use the title "Notary Public." Every person, other than a regularly commissioned notary, who is otherwise given notarial powers or authorized as a notary ex officio, shall clearly indicate his actual position or title from which his authority to notarize is derived, in addition to his notary identification number.

do so was an irregularity, or were irregularities, which did not relieve Defendant of his undertaking to appear in court on the date noticed on the form, according to La. C.Cr. P. art. 328.[4]

While there may be instances where the trial court would prefer not to issue a bench warrant, the judge is constrained by the plain language of La. C.Cr.P. art. 333 which mandates (by use of the word "shall") the court to issue an arrest warrant for the defendant who received proper notice of the time fixed for his appearance, but failed to appear in court as required. We note that even the precursor statute of article 333 in effect prior to 2017, La. C.Cr.P. art. 349.1,[5] stated the court *shall* issue the arrest warrant upon the motion of the district attorney, but left the option of issuing an arrest warrant *sua sponte* to the court's discretion. *See State v. Pittman*, 15-718 (La. App. 4 Cir. 8/26/15); 175 So.3d 1021, 1023–24 (reversing the trial court's decision denying the State's request for an alias capias for a defendant arrested in 2008 for possession of marijuana, first offense, that had not been arrested since). Because it was not permitted to exercise its discretion, the trial court committed error when it failed to issue a bench warrant as requested by the State.

Accordingly, the writ application is granted. The trial court is ordered to issue a warrant for the arrest of Defendant, as requested by the State, within seven days of the date this disposition is rendered.

Gretna, Louisiana, this 24th day of May, 2022.

**MEJ**
**FHW**
**HJL**

---

[4] *See also* La. C.Cr.P. art. 334 provides in part: "The notice to the commercial surety shall include the power of attorney number used to execute the bail undertaking. Failure to include the power of attorney number shall not affect the validity or enforcement of a resulting judgment."

[5] La. C.Cr.P. art. 349.1: If at the time fixed for appearance the defendant fails to appear as required by the court, the judge may, or shall on motion of the prosecuting attorney, issue a warrant for the arrest of the defendant.

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
INTERIM CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **05/24/2022** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**22-K-201**

CURTIS B. PURSELL
CLERK OF COURT

### E-NOTIFIED

40th District Court (Clerk)
Honorable Vercell Fiffie (DISTRICT JUDGE)
Honorable Bridget A. Dinvaut (Relator)

### MAILED

Frank D. Lozano  (Respondent)
In Proper Person
413 Camelia Avenue
LaPlace, LA 70068

Jason M. Galjour (Relator)
Assistant District Attorney
Fortieth Judicial District
Post Office Box 99
Edgard, LA 70049



5/24/22

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Jason M. Galjour
Assistant District Attorney
Fortieth Judicial District
Post Office Box 99
Edgard, LA 70049
22-K-200                    05-24-22

9590 9401 0083 5168 4398 00

2. Article Number (Transfer from service label)

7016 2070 0000 0954 6663

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X _____  ☐ Agent
                           ☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, April 2015 PSN 7530-02-000-9053          Domestic Return Receipt